## Town of Cavendish v. Clarence P. Barlow Et Als

[136 A2d 352]

September Term, 1957.

Opinion Filed November 5, 1957.

*Parker & Ainsworth* for the plaintiff.

*Clayton H. Kinney* and *George W. F. Cook* for defendants Barlow and Congdon.

**Jeffords, C. J.** This is a proceeding in chancery. Hearing was held before the Chancellor. Findings of fact were made and a decree was entered dismissing the bill of complaint with costs to the defendants and exceptions to the, plaintiff. The case is here on these exceptions.

The bill sought an order enjoining defendants Barlow and the Trustees of the Diocese of Vermont, their agents, etc., from interfering with or molesting the plaintiff, its agents, etc., from complete enjoyment, occupation and possession of about one hundred and fifty acres of land which forms a part of lot 28, Survey Book, Town of Cavendish. The bill also sought an order which would confirm the plaintiff's title to the one hundred and fifty acre tract and damages for the alleged cutting of timber on this parcel.

The undisputed facts show that the record title of the plaintiff stems from a claimed confirmatory grant by New York letters patent issued by William Tyron, Royal Governor of the Province of New York.

Defendant Barlow leased lot 28 from the defendant Trustees by a durable lease. The Trustees are the successors in title from the Society for the Propagation of the Gospel in Foreign Parts. The Society obtained title to lot 28 by the allocation to it under the New Hampshire charter by Governor Benning Wentworth.

The vital question is whether the plaintiff or the defendant Trustee has the legal title to the 150 acre parcel in lot 28.

The plaintiff asserts its claims of error under three "points" in its brief. The first and third have to do with title to the 150 acre tract by adverse possession. The second point is a claim of error on the part of the Chancellor in finding the New Hampshire grant prevailed over the New York "confirmatory grant." We will first consider this claim of error.

Counsel for the plaintiff stated in oral argument that it applied only to finding No. 36 which as far as here material reads as follows: "Plaintiff's claimed title to the lands in question, based as it is, on letters patent, issued by the Royal Governor for the Province of New York must give way to the charter granted by Benning Wentworth, Royal Governor and Commander in Chief of the Province of New Hampshire,

in so far and when these grants are in conflict." The ground of the exception is that it is a conclusion of law and not a proper finding of fact.

This exception should be considered in the light of two factors. One is the act of the Vermont legislature passed on October 28, 1790. (See Chapter LXXIII of the Laws of Vermont, Volume II, published by Sereno Wright, 1808.) The portion of this Act bearing upon the exception under consideration reads as follows:

> "—And all grants, charters or patents of land, lying within the State of Vermont, made by or under the government of the late colony of New-York, except such grants, charters or patents as were made in confirmation of grants, charters or patents made by or under the government of the late province or colony of New-Hampshire, are hereby declared null and void, and incapable of being given in evidence, in any court of law within this state."

■ It is clear from this provision of the Act that all grants, charters or patents of land of New York origin were declared null and void. The only effect left to such New York grants, charters or patents was confirmatory, that is, they could be used to support or confirm a New Hampshire equivalent but not to overthrow it.

With this being so, we turn to the other factor involved in the exception we are considering, namely, the other facts found by the Chancellor. They clearly state that the defendant's title traces back to a charter granted by Benning Wentworth, Royal Governor of New Hampshire, acting under authority vested in him by George the Third. Moreover, the court specifically finds that the "letters patent" from New York were not confirmatory.

■ It follows from the foregoing that when the plaintiff excepts to finding 36 on the ground that it is a conclusion of law, its exception is without merit since the Chancellor's conclusion was one sustained by the facts previously found by him and the law applicable thereto. Where this is so,

no error can be predicated on the court's action. *Spaulding v. City of Rutland*, 110 Vt 186, 195, 3 A2d 556; *Schwarz v. Avery*, 113 Vt 175, 180, 31 A2d 916.

We now turn to the plaintiff's claim of title by adverse possession under point 1 of its brief.

One claim of error here is based on the failure of the Chancellor to make fifteen findings to the effect that the plaintiff held title to the 150 acre tract and possession if it under the New York grant and an unbroken chain of title to the present.

■ Since we have held that there was no error in finding 36, these requested findings were immaterial and there was no error in the refusal of the Chancellor to make them. *Sparrow v. Cimonetti*, 115 Vt 292, 299, 58 A2d 875.

The plaintiff also claims error in the refusal of the Chancellor to find title in it by adverse possession. It cites three requests which were refused and cites six of its exhibits in support of its claim of error. All of these exhibits are deeds merely showing record title in the plaintiff which, as we shall show in our discussion of point 3, is not sufficient to establish title by adverse possession.

There was no error in refusing to grant these requests.

Under point 3 the plaintiff's claim as stated is that "The Chancellor disregarded the law relative to acquisition of title by adverse possession which is applicable to the facts in this case and his failure to find ownership as requested constitutes reversible error."

Under both points 1 and 3 the plaintiff relies on the case of the *Society for the Propagation of the Gospel in Foreign Parts v. Town of Sharon*, 28 Vt 603.

This was an action of ejectment for lands in Sharon. The lower court directed a verdict for the defendants and entered judgment on the verdict. The judgment was affirmed in this Court.

The material facts in the case, briefly stated, are as follows: In 1832 the Legislature passed an act permitting the acquiring of title to public lands by adverse possession. In 1854 this act was repealed. The latter act since that time has

been in effect and is now V. S. 47, §1715. Eli Hayden acquired title to the land there in question by warranty deed in 1816 and occupied the land until July, 1849, when he conveyed it to William Hayden.

It is apparent that Eli Hayden not only had record title to the land but occupied it for more than 15 years during the period from 1832 to 1854. Several times in the opinion it is stated that Eli Hayden "occupied" the land there in question. It is apparent that both the lower court and this Court decided that this occupancy satisfied our rule for gaining title to land by adverse possession and that the case was decided in favor of the defendants on this ground.

■ Our rule is that a possession that will work an ouster of the owner must be open, notorious, hostile and continuous for the full statutory period of 15 years. The tenant must unfurl his flag on the land, and keep it flying so that the owner may see, if he will, that an enemy has invaded his dominions and planted his standard of conquest. *Barrell* v. *Renehan*, 114 Vt 23, 29, 39 A2d 330.

During the period from 1832 to 1854 record title to the 150 acre tract was held by John Gould and Luther Pratt under the New York letters patent. There is not a scintilla of evidence that either of them occupied the tract, or did anything to satisfy our rule above stated, to gain title by adverse possession of the tract. Indeed the basis of the plaintiff's claim to ownership of the tract under this point is based, as stated in its brief, on an unbroken chain of ownership for about 150 years under the New York letters patent.

*Decree affirmed.*