**Walter Higgins and Elizabeth Higgins v. Alex Ringwig and Doris Ringwig**

[267 A.2d 654]

No. 100-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 24, 1970

*Myers & Spear*, Essex Junction, for Plaintiffs.

*Harry L. Goetz*, Winooski, for Defendants.

**Shangraw, J.** This is a suit in chancery whereby the plaintiffs seek to restrain the defendants from interfering with their use of a certain roadway. Evidence was taken and findings made by the chancellor. A decree was entered dismissing the complaint. Plaintiffs have appealed to this Court for review.

In order to pinpoint the roadway in dispute, we first refer to Route 15 as running in a more or less north-south direction. This route is intersected by Palmer Lane which extends westerly a distance of approximately eighteen hundred feet. Palmer Lane is admittedly a public highway and maintained by the Town of Jericho.

Beginning at the westerly terminal of Palmer Lane and continuing in a somewhat westerly direction to premises of the plaintiffs is the roadway in controversy. At one time this road continued on in a general northerly direction to the remnants of a sugarhouse located on plaintiffs' premises. It was formerly referred to as the sugarhouse road. From the sugarhouse there is evidence that use had been previously made of a road or path leading westerly, a distance of about one-half mile, to the Cilley Hill Road, so-called.

In connection with the sugarhouse operation, the plaintiffs' predecessors in title used the Palmer Lane and the sugarhouse road for many years as a means of ingress and egress thereto. This operation was abandoned between twenty-five and thirty years ago. Years ago logs were hauled over this path. Neighboring farms also used it in driving their cattle to and from pasture lands. It has also been used by hunters and berry pickers. Over the years a stone wall was erected on each side of a portion of the roadway in question by unknown persons. The distance between the stonewalls is about twenty-two feet. At one time a wire fence existed on top of the southerly stonewall. This roadway has since become overgrown with heavy brush and trees.

In 1955 the defendants purchased land located on the northerly side of this roadway. Another parcel was purchased by them in 1958. Later, in 1966 or 1967, two westerly lots located on the northerly side of this roadway were sold. One was conveyed to Adam F. and Rita R. Bortz, and the other lot to Clifford J. and Jeanette Provost. The Provost lot is located westerly of the Bortz property and adjoins the easterly line of plaintiffs' property. The two stonewalls are located southerly of these two lots.

Defendants, at their expense, have bulldozed, graveled and maintained a road from the westerly terminal of Palmer Lane westerly a distance of approximately six hundred feet. From this point Mr. & Mrs. Bortz have also bulldozed an additional four hundred feet westerly to gain access to their lot.

Neither the plaintiffs' deed nor defendants' deeds, by which they acquired their respective land in the Town of Jericho, mentioned a pent road or thoroughfare.

The only access to the Provost property is over the disputed roadway. The deed contains no right of way provision. The deed from the defendants to Mr. & Mrs. Bortz defines the roadway as "a certain pent road" and further grants a right of way defined as "said right of way being defined by prior consistent usage."

In some of the deeds forming the chain of title to defendants' land their property is bounded on the south by this roadway. Likewise, the chain of title to the property located on the southerly side of this roadway described the property as bounded on the north by a roadway.

Plaintiffs allege that the defendants have denied them permission to use the roadway extending from the westerly terminal of Palmer Lane to their property. They seek injunctive relief against the barrier which the defendants erected to close the roadway from all traffic.

The defendants claim ownership of the disputed roadway. As an alternative, they also urge that they have acquired the exclusive right to use the area in question by adverse possession thereof.

By finding No. 8, the chancellor reported:

> "That Earl Barlett, who formerly owned the property now owned by defendants Ringwig, testified to the fact that he believed the boundaries of the property to be the stone walls on either side of the roadway and that he had not owned the roadway itself."

To say the least, the record before us fails to demonstrate that the defendants have record legal title to the area in question through the deeds of their predecessors. No finding was made by the chancellor on this precise issue.

Following are the two controversal findings.

20. The defendants were the only users of the disputed area from the time they purchased the land and premises in 1955, such use being a means of ingress and egress for their cows to the meadow land. This sole use continued for over ten years until the defendants sold two lots in 1966. Since 1966, the defendants and the purchasers of said two lots have been the sole users of the disputed area as a means of ingress and egress, the only other users being occasional hunters, berry pickers and other persons with similar use in mind.

21. The defendants' actions, conduct, and use on and upon and about the disputed area since they acquired their land in 1955, have been consistent with their claim of ownership of the disputed area, and such conduct and use was notice to all interested persons of such claim of ownership.

Taken collectively, plaintiffs claim that the foregoing findings do not constitute a legal basis upon which to afford the

defendants any claim to the roadway sufficient to bar plaintiffs' use thereof.

The decree dismissing plaintiffs' bill of complaint is predicated on findings 20 and 21 wherein it is determined that the defendants own the land in dispute by its adverse use. No finding was made that any of the defendants' predecessors in title made any claim of open, notorious, hostile or continuous use of this roadway.

No evidence was presented, or findings made to the effect that the public was excluded from the use of this roadway prior to the time the defendants purchased the property in 1955. The evidence is to the contrary. Even during defendants' ownership of their property the use by others of this roadway was apparently not denied until objections were made by defendants to its usage by the plaintiffs.

■ Possession must be open, notorious, hostile, and continuous through the statutory period of fifteen years to form the basis for title by adverse possession. 12 V.S.A. section 501. *Smith* v. *Vermont Marble Company*, 99 Vt. 384, 393, 133 A. 355.

The defendants claim title to the land in controversy by adverse possession. The evidence and findings Nos. 20 and 21 reveal that defendants' possession was not hostile and continuous for fifteen years, which is necessary under section 501, *supra*, and the case law of this State. *Barrell* v. *Renehan*, 114 Vt. 23, 29, 39 A.2d 330; *Scampini* v. *Rizzi*, 106 Vt. 281, 286, 172 A. 619.

■ The burden of proving adverse possession was on the defendants. *Sabins* v. *McAllister*, 116 Vt. 302, 307, 76 A.2d 106. Findings 20 and 21 are not challenged by the defendants. They do not establish defendants' claim of adverse possession of the roadway in dispute for the required statutory period of fifteen years.

■ Plaintiffs purchased their property in 1963. The findings support the inference that the roadway had been used as an easement by the plaintiffs' predecessors in title for many years. There is no evidence that such use was only permissive or that such permission was ever revoked. From this a pre-

sumption arises that such use was under a claim of right. *Poronto* v. *Sinnott*, 89 Vt. 479, 482, 95 A. 647.

■ The defendants have shown nothing to overcome the plaintiffs' use under a claim of right except ouster or title by prescription for only 12 years. This is not sufficient to preclude plaintiffs' use of the roadway in question under 12 V.S.A. section 501. See *Scott* v. *Leonard*, 119 Vt. 86, 102, 103, 119 A.2d 691.

Plaintiffs urge that the defendants are estopped from denying that the roadway is a public way. This claim is based on the Bortz deed in which the roadway was defined as "a certain pent road" and further granting a right of way expressed as "said right of way being defined by prior consistent usage." In view of our result in this case, there appears no occasion to discuss this issue.

*Reversed and remanded for the preparation of a new decree consistent with the views expressed in this opinion.*