## Beulah R. Deyrup v. Henry J. Schmitt and Mary T. Schmitt and Everett Drew and Norma Drew

[321 A.2d 42]

No. 147-72

· Present: **Barney, C.J., Smith, Keyser and Daley, JJ., and Martin, Supr. J.**

Opinion Filed June 4, 1974

*May & Davies*, Barton, for Plaintiff.

*Andrew G. Pepin, Esq.*, Newport, for Henry J. Schmitt and Mary T. Schmitt.

*Lawrence E. Kimball, Esq.*, St. Johnsbury, for Everett Drew and Norma Drew.

**Smith, J.** Plaintiff brought an action in the Orleans County Court seeking an injunction against the defendants restraining the defendants from trespassing on the property of the plaintiff. Also sought was a declaration of rights of the plaintiff by the court in the disputed premises, a decree adjudging the disputed property to be that of the plaintiff, as well as damages against the defendants for alleged damages to the property. Answers were filed by the defendants and the cause was heard by the Orleans County Court June 21 and June 22, 1972. Findings of fact were filed by the county court and judgment was entered for the plaintiff on July 13, 1972 denying any claims of the defendants to the disputed property and that the plaintiff recover of the defendants, Harry J. Schmitt and Mary T. Schmitt, damages in the amount of $500.00. Appeal was duly taken from such judgment to this Court by the two above named defendants.

The property here in question is in the Town of Charleston, Vermont, and lies northerly of and adjacent to a 200 foot square lakeshore lot on the northerly shore of Echo Lake.

Title to the easterly one-half of the lakeshore lot is held by defendants Schmitt and title to the westerly one-half is held by defendants Drew. The land in question is bounded south by the north boundary of the lakeshore lot, east by a line about 209 feet in length, north by a line about 145 feet in length, and west by a line about 250 feet in length. Although both plaintiff and the defendants claimed title to the premises by reasons of two different deeds to their predecessors in title from Edmund P. and Rena Bowen, the lower court found, and it is conceded by the defendants, that the plaintiff is admittedly the record title owner of the disputed premises.

The defendants claim title to the disputed premises by reason of adverse possession, and allege here that the findings of fact are contrary to the evidence, and that the lower court failed to apply the correct law to the facts.

The defendants particularly except to findings of fact Nos. 27 and 28 made by the lower court:

27. I am unable to find that any of the activities of the Defendants, or their predecessors in title, on the disputed premises, were brought to the notice of the Plaintiff or her predecessors, prior to the road construction in 1970.

28. I am unable to find that the acts of the Defendants, or of their predecessors in title, were open, continuous and hostile for any uninterrupted period of 15 years, even having in mind the less rigid standards applied to seasonal properties.

Our well recognized rule is that a possession that will work an ouster of the owner must be open, notorious, hostile and continuous for the full statutory period of fifteen years. *Cavendish* v. *Barlow,* 120 Vt. 161, 165, 136 A.2d 352 (1957). The tenant must unfurl his flag on the land, and keep it flying so that the owner may see, if he will, that an enemy has invaded his dominions and planted his standard of conquest. *Barrell* v. *Renehan,* 114 Vt. 23, 29, 39 A.2d 330 (1944).

The whole doctrine of title by adverse possession rests upon the acquiescence of the owner in the hostile acts and claims of the person in possession. The ultimate element in the rise of a title through adverse possession

is the acquiescence of the real owner in the exercise of an obvious, adverse, or hostile ownership through the statutory period. 3 Am.Jur.2d *Adverse Possession* § 8.

*Laird Properties* v. *Mad River Corp.*, 131 Vt. 268, 277, 305 A.2d 562 (1973).

The defendants' claims of adverse possession were advanced below upon a combination of facts and factors. They possessed a deed to the property, although admittedly the deed of the premises obtained by the plaintiff to the same property was prior in date and she was record owner of the disputed property. Taxes on the property had been paid by the defendants since the receipt of their deed in 1947. The acts claimed by the defendants to have constituted adverse possession were performed by the various defendants, members of their families and by families who were predecessors in title to the defendants.

Such acts of claimed adverse possession ranged from playing ball on the property by a son of a predecessor in title of the defendants at times in the undisclosed past, as well as a small garden planted at least partly on the disputed premises by some people named Kerr who previously owned the premises, the title of which is now in the defendants. One such predecessor, Mr. Kerr, ran his dog at times over the disputed premises. Another predecessor in title to the defendants parked a boat trailer on the disputed premises on several occasions, and another predecessor in title to the defendants parked her car at times near the rear of the disputed premises.

The claim of the defendants is that although these individual acts of use of the disputed property, as well as some other activities, were performed by various predecessors in title, they extended over a period of time from 1947 to 1962, and thus, by tacking, constituted adverse possession against the record title of the plaintiff. "Tacking" is that doctrine which permits an adverse possessor to add his period of possession to that of a prior adverse possessor in order to establish a continuous possession for the statutory period. *Laird Properties* v. *Mad River Corp.*, *supra*, 131 Vt. at 277.

While the lower court, in its findings of fact, found that there had been brief periods of use of the disputed prop-

erty by the defendants' predecessors in title, such uses were unspecified as to date, or as to the extent or duration of such uses. Such findings are supported by the record.

Taking the evidence in the light most favorable to the plaintiff, the prevailing party, as we are bound to do, the findings and the record establish the following factual situation, as far as the plaintiff was concerned.

The summer home of the plaintiff is about one-quarter mile from the disputed area. She occupies her summer home for about two months each season, with brief visits to her property in the Spring and Fall. One part of the disputed premises is meadowland and the plaintiff has for many years sold the hay to a farmer living in the vicinity, and no protest against such hay cutting was ever made by any of the defendants. Outside of seeing a few people crossing the property over the years in which plaintiff has held record title, although she, on occasion, traversed the disputed land, she observed no activity on the disputed premises until late 1969. At that time, defendant Henry J. Schmitt, with the permission of defendant Everett Drew, began cutting a roadway across the disputed area to his easterly shore lot, on which he had constructed a house.

Until the time the road was completed and a chain put across it no one had ever denied the plaintiff or her husband access to the disputed area. The finding of the lower court was that until the road construction, which she immediately protested, the plaintiff had had no notice of any of the other activities of the defendants, or their predecessors in title, prior to 1970. Such finding is supported by the evidence and such evidence was not controverted. It was the building of the road that precipitated this legal action by the plaintiff.

It is well established that findings of fact must stand if there is any credible evidence fairly and reasonably supporting them. *Crawford* v. *Lumbermen's Mutual Casualty Co.*, 126 Vt. 12, 16, 220 A.2d 480 (1966).

. . . Intervention on appeal is justified only when contrary proof so predominates the controversy that the record establishes no reasonable basis upon which the finding can stand. *Crawford* v. *Lumbermen's Mutual Casualty Co.*, *supra*.

*Laird Properties* v. *Mad River Corp., supra,* 131 Vt. at 278.

The record before us establishes that the findings of fact of the court below are supported by credible evidence, and dispose of the issues presented. *Everlasting Memorial Works* v. *Huyck Monument Co.,* 128 Vt. 103, 108, 258 A.2d 845 (1969).

The defendants have cited *Montgomery* v. *Branon,* 125 Vt. 362, 216 A.2d 41 (1965), with the same case also reported in 127 Vt. 83, 238 A.2d 650 (1968), as supporting their contention that the various acts by the defendants and their predecessors were sufficient to acquire title by adverse possession. However, the factual situation in *Branon* was entirely different than that developed in the instant case. In *Branon,* a camp building, well worn footpaths, an outhouse and garbage dumps existed on the property prior to the time that the plaintiff in that case purchased the property, and the existence of these features were known to the plaintiff before their purchase. No such obvious adverse use of the disputed property in this case was shown, and as before stated, the finding of the lower court that the sporadic uses of the disputed property by the defendants and their predecessors were unknown to the plaintiff until the building of the road, is supported by the evidence. While the payment of the taxes on the disputed property by the defendants is evidence of a claim of right, it is not an act of possession. *Paine and Slocum* v. *Hutchins,* 49 Vt. 314 (1877).

The findings of fact, supported by the record, establish that the defendants did not establish that they had exercised an adverse, hostile and obvious ownership of the disputed property with the knowledge or acquiescence of the plaintiff for the statutory period, which was their burden of proof.

*Judgment affirmed.*