## Andrew H. and Priscilla Hilliker v. George and Elizabeth Husband

[326 A.2d 177]

No. 219-72

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed October 1, 1974

*John J. Welch, Jr., Esq.,* Rutland, for Plaintiffs.

*William M. Dorsch, Esq.,* Vermont Legal Aid, Inc., Springfield, for Defendants.

**Keyser, J.** Defendants below, George Husband and Elizabeth Husband, appeal here from adverse findings of fact and conclusions of law of the Windsor County Court that defendants do not have any right-of-way by adverse possession over

property in Hartford, Vermont, owned by plaintiffs below, that of Andrew H. Hilliker and Priscilla Hilliker.

The twelve-foot right-of-way in question runs westerly from Bridge Street in the Town of Hartford across lands of Hilliker and St. James to the southeast corner of defendants' property and constitutes the sole means of access to defendants' property. The Husbands obtained title to their property by virtue of two deeds. The first parcel was obtained by deed dated December 3, 1958, from Emanuel R. Martin and Kathryn E. Martin. The Husbands acquired a later piece on January 3, 1963, from Horace H. Punt, Sr., and Edith A. Punt that abuts plaintiffs Hillikers' property.

By their action below, plaintiffs sought to permanently enjoin defendants from entering upon their property and using the right-of-way in question. Defendants answered claiming a right-of-way and, after findings of fact and conclusions of law by the court, timely moved pursuant to V.R.C.P. 59(e) to alter or amend the judgment wherein they more precisely specified their claim to the right-of-way. The Husbands seek to establish their right by adverse use throughout the statutory period of fifteen years. 12 V.S.A. § 501. They seek to do this by adding to their own fourteen years of adverse use from 1958 until time of suit in 1972, the adverse use of the Martins, their predecessors in title, and by this "tacking" of adverse use, establish their claim. The judgment order of the lower court reaffirmed the findings of fact and conclusions of law by stating that the Husbands do not have a right-of-way from Bridge Street to their premises.

Defendants' position below was that their claim of use of the right-of-way over plaintiffs' property was established by their fourteen-year, continuous, notorious, open, and hostile use of that right-of-way, *Laird Properties* v. *Mad River Corp.*, 131 Vt. 268, 277, 305 A.2d 562 (1973); *D'Orazio* v. *Pashby*, 102 Vt. 480, 150 A. 70 (1930), and by tacking on the same manner of adverse use by the Martins, their predecessors in title, to achieve the necessary statutory period of fifteen years of adverseness. *Hassam* v. *Safford*, 82 Vt. 444, 74 A. 197 (1909).

It is well established that the reviewing court is bound to construe findings of fact reasonably, and they are to be so read as to support the judgment if they reasonably may be. *Potter* v. *Town of Clarendon*, 118 Vt. 278, 108 A.2d 394 (1954). De-

fendants squarely raised the issue of tacking in their motion to alter or amend below and were entitled to a definitive finding of fact on what we feel is the crucial issue involved; namely, whether Martins' prior use was adverse as to the Hillikers'.

Finding of Fact No. 17 describes Martins' prior use:

> That one, Martin, resided at the Defendant Husband's property from 1946 to the time that the defendant Husband purchased said property, and during said period, he gained access from Bridge Street through the the [*sic*] St. James-Hilliker right-of-way, the access to Maple Street being almost inaccessible.

This Finding of Fact indicates clearly that the trial court found the requisite continuity of use of the right-of-way by the Martins as one element necessary to establish adverseness. 12 V.S.A. § 501; *Higgins* v. *Ringwig*, 128 Vt. 534, 538, 267 A.2d 654 (1970).

Other elements needed to establish adverseness are open, notorious, and hostile use. *Montgomery* v. *Branon*, 129 Vt. 379, 278 A.2d 744 (1971). It is not necessary for a prescriptive claimant to voice his claim if his use is such as to indicate that a prescriptive claim is being asserted. *Russell* v. *Pare*, 132 Vt. 397, 321 A.2d 77, 82 (1974). Finding of Fact 18 states "that during said period, the said Martin and the defendant Hilliker had no difficulty concerning the use of said driveway." In the absence of permission, the use of an established claim of right firmly establishes the hostility of that use. *Cf. Barber* v. *Bailey*, 86 Vt. 219, 223, 84 A. 608 (1912). The Martins' use of the driveway openly in the presence and knowledge of the Hillikers was sufficient to establish open, notorious, and hostile use.

Findings Nos. 17 and 18, taken together, establish the adverseness of Martins' use of the right-of-way. We must affirm the facts found if they are fairly and reasonably supported by credible evidence, *Russell* v. *Pare, supra*, 321 A.2d at 81; *Laird Properties* v. *Mad River Corp., supra*, 131 Vt. at 278, and they are not clearly erroneous, V.R.C.P. 52; *Wells* v. *Village of Orleans*, 132 Vt. 111, 315 A.2d 463, 466 (1974). We hold that Findings 17 and 18 are supported by credible

evidence from the record below. Martin testified as to his use of the driveway in the presence of plaintiffs Hillikers. Mrs. Martin also stated that she drove across the driveway and that she was sure plaintiffs knew of her use. Furthermore, the Hillikers testified to such use by the Martins.

The trial court in Findings of Fact 20 and 21 found the Husbands' use was open, continuous, notorious, and hostile for a period of fourteen years. Nevertheless, the court concluded that the Husbands failed to gain any right-of-way by adverse possession. This conclusion constitutes error. Findings of Fact 17 and 18 indicate adverse use by the Husbands' predecessors in title, and we conclude that, by tacking their predecessors' adverse use onto their own fourteen-year adverse use, the Husbands acquired a right-of-way by prescription. *Hassam* v. *Safford, supra.*

Therefore, the judgment of the lower court, insofar as it found no right-of-way of defendants across Hillikers' land, must be reversed, with directions to enter judgment in favor of defendants, establishing a right-of-way from Bridge Street across plaintiffs' property to lands of the defendants.

*Judgment reversed; cause remanded for the preparation of a new judgment order in favor of the defendants consistent with the views expressed in this opinion.*