## Anthony and Olive Zuanich v. Raymond and Roxanne Quero

[376 A.2d 763]

No. 59-76

Present: **Barney, C.J., Daley, Larrow, and Hill, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed June 7, 1977

Motion for Reargument denied June 24, 1977

*John K. Dunleavy* of *Burgess & Normand, Ltd.*, Montpelier, for Plaintiffs.

*Cheney, Brock & Sidel,* Montpelier, for Defendants.

**Daley, J.** Since 1949, the parties to this controversy have owned adjoining properties located on River Street in the City of Montpelier. In 1974, a dispute arose between them concerning a small strip of land, generally rectangular in shape, lying between their houses. The disputed property measures seven feet on its southerly boundary and four and one-half feet on the northerly boundary, with the easterly and westerly boundaries being approximately 122 feet in length. As a result of the dispute, the defendants Raymond and Roxanne Quero caused their property to be surveyed. The survey disclosed that record title to the property in dispute was with the plaintiffs Anthony and Olive Zuanich.

In May, 1975, the plaintiffs brought a civil action against the defendants seeking a declaration of the rights of the parties in the premises; their complaint also sought injunctive relief from claimed multiple trespasses by the defendants. The court, in addition, was asked to establish the boundary lines of the subject properties. The defendants answered by admitting entry on the land in question but denying the plaintiffs' ownership of the property. As an affirmative defense and by counterclaim, they claimed ownership of the disputed property by adverse possession, alleging open, notorious, hostile and continuous use and possession for a period in excess of fifteen years, to wit, forty-nine years.

The parties, before the superior court, stipulated that record title to the property was with the plaintiffs. Following hearings before it, the superior court stated its inability to find that the defendants had acquired title to the property in dispute by adverse possession and further found that the defendants had

not trespassed on the plaintiffs' property. From the court's denial of their motion to amend the judgment order, the defendants appeal.

The issues before us center around three findings of fact made by the superior court:

> 9. From 1929 until the present, Raymond Quero and his predecessors-in-title, Ambilina Quero and Oronzo Quero, have used the northerly portion of the "disputed portion" of land for, among other things, maintaining clothes lines, and the southern portion for a garden. However, while Ambilina Quero was alive (Raymond Quero's mother), no claim was ever made by the Quero family that they claimed ownership of the disputed portion of land.

> 10. No credible evidence was presented to show that the Zuanich family, or their predecessors-in-title, were put on notice that the Quero family was claiming ownership of a portion of the Zuanich property.

> 15. Any use of the disputed portion of land by the Quero family was with the express or implied permission of the Zuanich family. Despite this law suit, the Queros still have permission to use it.

In addition, the court further found, in its finding number 14, that the Quero family had mowed the grass on the disputed portion for many years, had used it for sunbathing and gardening, had maintained clotheslines on this property, and had erected a fence upon it for the purpose of controlling children.

■■ The uncontroverted evidence showed that, from 1929 to 1976, the Quero family used the disputed property in the manners set forth by the superior court. Such continuous use for a period of at least fifteen years is essential in order to establish a claim by adverse use. *Higgins* v. *Ringwig*, 128 Vt. 534, 538, 267 A.2d 654 (1970). The superior court determined, however, that such usage went for naught on account of the failure of the defendants to voice a claim of ownership to the disputed property. While it is necessary for an adverse claimant to "unfurl his flag on the land" in order to apprise the owner of the claim upon the land, *Deyrup* v. *Schmitt*, 132 Vt. 423, 424, 321 A.2d 42 (1974); *Laird Properties* v. *Mad River Corp.*,

131 Vt. 268, 277, 305 A.2d 562 (1973); *Montgomery* v. *Branon*, 129 Vt. 379, 387, 278 A.2d 744 (1971), it is not necessary that the claimant verbally state to the owner that he has "planted his standard of conquest." Quite to the contrary, his "use, or acts, may declare that they are done under a claim of right, as effectively as the words of the claimant." *Willey* v. *Hunter*, 57 Vt. 479, 490 (1884). In *Hilliker* v. *Husband*, 132 Vt. 566, 568, 326 A.2d 177 (1974), speaking to the elements of open, notorious, and hostile use, we stated that:

> It is not necessary for a prescriptive claimant to voice his claim if his use is such as to indicate that a prescriptive claim is being asserted. . . . In the absence of permission, the use of an established claim of right firmly establishes the hostility of that use.

From the record, it is apparent that the Quero family openly used the disputed property for various purposes from 1929 to 1976. Such use was such that "a man reasonably attentive to his own interests would have known that an adverse right was being asserted." *Waterman* v. *Moody*, 92 Vt. 218, 238-39, 103 A. 325 (1918). Absent evidence of permission, open and notorious use for the statutorily prescribed period of time gives rise to a prima facie claim of right. *Russell* v. *Pare*, 132 Vt. 397, 404, 321 A.2d 77 (1974). Once the grant is established by adverse use, the subsequent granting of permission will not serve to divest or defeat the claim. *Clark* v. *Aqua Terra Corp.*, 133 Vt. 54, 58, 329 A.2d 666 (1974).

The record before us is sufficient to support the defendant's claim of title by adverse possession as early as 1944. 12 V.S.A. § 501. The superior court's finding that the defendants' use was by permission of the Zuanich family is not controlling inasmuch as they did not acquire their property until 1949. In view of the evidence of open, notorious and continuous use of the disputed portion of land by the Quero family from 1929 to 1976, and absent any evidence that, prior to 1944 this use was by permission, the superior court's findings are inconsistent and erroneous in law and fact. We therefore hold that the superior court erred in concluding that the defendants had failed to establish title by adverse possession to the disputed property.

The defendants are not precluded from establishing title by adverse possession by the fact that their use of the disputed

property was premised upon the mistaken belief that the property was actually theirs. *Ehle* v. *Prosser*, 293 Minn. 183, 197 N.W.2d 458, 462 (1972); *Fadden* v. *Purvis*, 77 Wash. 2d 23, 459 P.2d 385, 386 (1969); Annot., *Adverse Possession Involving Ignorance or Mistake as to Boundaries - Modern Views*, 80 A.L.R.2d 1171, § 6 (1961).

*Judgment reversed and cause remanded with the direction that a new judgment be drawn declaring that the defendants are the owners in fee by adverse possession of the parcel of land described in paragraph three of the superior court's order and decree dated February 19, 1976, such description to be incorporated verbatim in the new judgment.*