# Katherine Moran v. Mary S. Byrne & Katherine S. Leamy

[543 A.2d 262]

No. 86-573

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed February 19, 1988

*William J. Bloomer*, Rutland, for Plaintiff-Appellee.

*John D. Burke*, Castleton, for Defendants-Appellants.

**Dooley, J.** The parties to this case are the record owners of adjoining parcels of land which front on the southern side of Woodstock Avenue in the City of Rutland. The lots abut on the western edge of plaintiff's property and the eastern edge of defendants' property. The instant appeal arises from a dispute over the ownership of a triangular strip of land situated along the common boundary between the two properties. Defendants claim ownership of the area in question by deed; plaintiff claims ownership through adverse possession. The trial court found in favor of plaintiff; we affirm.

Since at least 1926 there has been a driveway on the disputed section of land. Such driveway provides access to the house and garage located on plaintiff's lot. The trial court found that the driveway "was exclusively maintained . . . and used . . . by plaintiff and her predecessors in title continuously to the present."

Plaintiff instituted the current action in an effort to clear title to her lot, including the entire driveway. Plaintiff presented the trial court with three theories, encompassing different periods of time, of how she came to possess adversely the section of land in question. Defendants argued below, and again before this Court, that the use of the property encroached by the driveway was permissive and, thus, adverse possession was not possible. The trial judge found that the requirements for adverse possession were satisfied between 1926 and 1947.

Defendants raise three issues for our review, only one of which we will consider.* Defendants' principal claim is that the trial

---

\* The first of defendants' other claims is that if plaintiff has an interest in the land, it is more consistent with a prescriptive easement than adverse possession. As this argument was not raised below we do not consider it now. See *In re Johnston*, 145 Vt. 318, 321, 488 A.2d 750, 756 (1985). Defendants' final argument relates to an evidentiary ruling in their favor by the trial court. We can find no reason to entertain argument relating to a point on which defendants prevailed below and which is not in dispute on appeal.

court's findings were inadequate to support a determination of adverse possession. We find this argument unpersuasive.

In this state, adverse possession is accomplished through "open, notorious, hostile and continuous" possession of another's property for a period of fifteen years. *Laird Properties New England Land Syndicate* v. *Mad River Corp.*, 131 Vt. 268, 277, 305 A.2d 562, 567 (1973); 12 V.S.A. § 501. In other words, the adverse possessor "must unfurl his flag on the land, and keep it flying so that the owner may see, if he will, that an enemy has invaded his dominions and planted his standard of conquest." *Barrell* v. *Renehan*, 114 Vt. 23, 29, 39 A.2d 330, 333 (1944).

As previously indicated, the trial court found that from at least 1926 until at least 1947 the plaintiff's predecessors in title so possessed the land in question. Defendants have not adequately challenged such findings. Rather, defendants assert that the later use of the land by plaintiff and her father was permissive. This argument carries no weight because "[o]nce [a] grant is established by adverse use, the subsequent granting of permission will not serve to divest or defeat the claim." *Zuanich* v. *Quero*, 135 Vt. 322, 325, 376 A.2d 763, 765 (1977). The record indicates that plaintiff's predecessors were in open, notorious, hostile and continuous possession of the land in question during the period from 1926 to 1947. Such possession gives rise to the presumption of a claim of right rather than permission. *Barber* v. *Bailey*, 86 Vt. 219, 223, 84 A. 608, 610 (1912). Defendants have not — either before the trial court or on appeal — rebutted this presumption with a showing of permissive use by plaintiff's predecessors prior to 1947. See *Russell* v. *Pare*, 132 Vt. 397, 404, 321 A.2d 77, 82 (1974).

As the findings of the trial court are supported by the evidence, and as we must construe the findings to support the conclusion, we find no basis on which to disturb the decision below. See *Largess* v. *Tatem*, 130 Vt. 271, 280, 291 A.2d 398, 403-04 (1972).

*Affirmed.*