Seaburg v. Purple, No. 88-4-04 Ancv (Reiss, J., Aug. 1, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
ADDISON COUNTY, SS.

|  |  |  |
|---|---|---|
|  | ) |  |
| JANET SEABURG and | ) | Addison Superior Court |
| BRUCE SEABURG | ) |  |
|  | ) | Docket No. 88-4-04 Ancv |
| v. | ) |  |
|  | ) |  |
| LESLIE PURPLE | ) |  |

**OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

This matter comes before the court on a motion for partial summary judgment by Plaintiffs Janet Seaburg and Bruce Seaburg. Defendant Leslie Purple has filed a cross-motion for summary judgment. The underlying action concerns two disputed portions of land between Plaintiffs' and Defendant's neighboring properties. Both motions address Defendant's claims for adverse possession and a prescriptive easement over these portions of land.

The following facts are undisputed. Plaintiffs are the record owners of approximately 10.2 acres of land in Ferrisburg, Vermont. They purchased the land in 1990. Defendant Leslie Purple's 5 acre parcel abuts Plaintiffs' land to the East. Defendant, who was renting in 1981, purchased her present 5-acre lot in August 1982. Defendant maintains a fence around the portion of land used for grazing horses. The pasturing occurs throughout the year, with a break each summer when the horses are moved off the land for two-week rotations. Defendant did not use the portion of land for horse grazing for half of 1999. Following her purchase in 1982, Defendant claims that she never received permission to use the disputed property during the statutory 15-year period and that she used the property in an open, notorious, hostile and continuous

manner during the 15 year period sufficient to establish her title pursuant to 12 V.S.A. § 501.

In or around 2003, the parties began to dispute ownership of the property in question. Plaintiffs filed suit, seeking trespass damages, an order to quiet title, and an ejectment order. Defendant has counterclaimed, arguing she possesses the grazing land through adverse possession and a path through prescriptive easement.

Plaintiffs have filed a summary judgment motion on Defendant's adverse possession and prescriptive easement claims, arguing that the Defendant's use was permissive and therefore not hostile to Plaintiffs' interest. Plaintiffs also argue that Defendant's use was not continuous for the statutory 15-year period, Defendant did not have the requisite intent to adversely possess the land, and Defendant's use was not open, notorious, and hostile. Defendant has filed a cross-motion for summary judgment. She denies that her use was permissive and argues that Plaintiffs' evidence regarding permissive use is inadmissible and Plaintiffs' other arguments regarding adverse possession are unavailing.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). "The party against whom summary judgment is sought is entitled to the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists." *Toys, Inc. v. F.M. Burlington Co.*, 155 Vt. 44, 48 (1990). "[W]here both parties are seeking summary judgment, both parties are entitled to these benefits when the opposing party's motion is being judged." *Id.*

Defendant ultimately bears the burden of proof at trial on her adverse possession and prescriptive easement claims. *Jarvis v. Gillespie*, 155 Vt. 633, 638 (1991). Accordingly, summary judgment in Plaintiffs' favor on Defendant's claim is appropriate if Defendant fails to establish the essential elements of her claims or if Plaintiffs establish a legal defense to those claims. *Poplaski v. Lamphere*, 152 Vt. 251 (1989).

Plaintiffs first claim that Defendant's use of the disputed property was permissive. In order to successfully claim adverse possession, Defendant "'must demonstrate that possession of the land was open, notorious, hostile and continuous throughout the statutory period of fifteen years.'" *MacDonough-Webster Lodge No. 26 v. Wells*, 175 Vt. 382, 393 (2003) (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 438 (1999)). "The elements necessary to establish a prescriptive easement are essentially the same as those for adverse possession." *In re Town Highway No. 20*, 2003 VT 76, ¶ 22. Both the adverse possession and prescriptive easement claims may be defeated if Defendant's use is shown to be permissive. *See Id.* (holding that use of "road by permission is not adverse unless there has been a repudiation 'either made known expressly or clearly indicated by unequivocal actions.'") (quoting *In re Estate of Smilie*, 135 Vt. 217, 220 (1977)); *Wells*,

175 Vt. at 395 ("'[I]f a claimant's use of the property is shown to be permissive, then he cannot acquire title by adverse possession.'") (alteration in original) (quoting *Havendick v. Ruby*, 10 P.3d 1119, 1122 (Wyo. 2000)).

Here, Plaintiffs claim that they and their predecessors in title gave Defendant permission to use their land. First, they claim that they sent Defendant a letter in 1999, stating that they were "[a]llowing grazing privileges on [their] property." Defendant admits to having received this letter, but argues that Plaintiffs sent it after the 15-year statutory period had run and thus the letter is of no effect in defeating Defendant's claims. Even if the court accepts the fact that Plaintiffs stated to Defendant in 1999 that her use of the land was permissive, this fact provides no basis for the court to find that Plaintiffs had granted permission to Defendant during the 15-year statutory period between 1982 and 1997. The court agrees that the 1999 letter, sent and received after the claimed 15-year statutory period, does not provide a basis for deciding Defendant's use was permissive. *See Zuanich v. Quero*, 135 Vt. 322, 325 (1977) ("Once the grant is established by adverse use, the subsequent granting of permission will not serve to divest or defeat the claim.").

Plaintiff Bruce Seaburg further states in an affidavit that "[p]ermission was granted . . . by us since 1990." Defendant counters that she never received permission from Plaintiffs until the 1999 letter. Plaintiffs additional claim that their predecessors in title gave Defendant permission, although they offer no direct testimony from the predecessors in title to establish this fact. *See* V.R.C.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). Defendant denies this claim. The court finsd that there is a genuine issue of material fact as to when Plaintiffs granted permission to Defendant in 1990 and whether their predecessors in title did so prior to that date. Accordingly, summary judgment in Plaintiffs' favor because Defendant's use was allegedly permissive is not appropriate.

Plaintiffs next argue that Defendant's use was not continuous because she rotated her horses off the land to graze elsewhere for a period each summer and she did not even use the land at all for half of 1999. A "continuous" use is not necessarily a constant use. "It is well established that there may be lapses of time between acts of possession. Whether the amount of time between acts of occupancy interrupts the running of the period depends on circumstances and intention of occupier." *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 443 (1999); *see also Darling v. Ennis*, 138 Vt. 311, 313–14 (1980) ("Continuity of use is merely such use as an average owner would make of the property, taking into account its nature and condition."). Defendant cites fact which she claims

support a finding that her use is continuous. The court finds that there is a genuine issue of material fact with regard to whether Defendant's use was sufficiently continuous.[1]

Plaintiffs further argue that Defendant's use of the land was not open, notorious, and hostile to Plaintiffs' interests because the mere pasturing of horses is not enough to amount to adverse possession, especially because Defendant never prohibited others from traversing the claimed portion of land until 2003 and even allowed Plaintiffs to enter the land and perform landscaping and tree-cutting activities in 1999. Plaintiffs cite no legal authority for the proposition that, as a matter of law, the pasturing of horses or any other animal is insufficient to claim title by adverse possession.

Defendant admits that 2003 was the last time she remembers telling others to stay off the claimed portion of land. She also claims that the grazing area was surrounded by a fence, was brush-hogged, and was pockmarked with hoofprints even when the horses were not there. "Marking a claim to land with a fence is an indication of an intent to possess which, if combined with other acts of possession, can establish the presumption that land is held adversely up to the fence." *Wells*, 175 Vt. at 396. The court finds that there is a disputed issue of fact as to whether Defendant's use was of a sufficient magnitude to notify the Plaintiffs of her claim and thus to establish one of the essential elements of an adverse possession claim.

Finally, Plaintiffs argue that Defendant did not have the requisite intent to claim the portion of land as her own because she never considered claiming adverse possession until after the lawsuit began. "A person can gain title by adverse possession even without the intention of taking land not belonging to him 'so long as he does intend to exclude all others.'" *Id.* at 393–94 (quoting *Ganje v. Schuler*, 659 N.W.2d 261, 266 (Minn. Ct. App. 2003)). A claim of adverse possession neither requires a lawsuit to render it viable, 3 Am. Jur. 2d §248, nor requires the person claiming it "to voice his claim if his use is such as to indicate that a prescriptive claim is being asserted...." *Zuanich*, 135 Vt. at 325 (quoting *Hilliker v. Husband*, 132 Vt. 566, 568 (1974)). The timing of Defendant's intent to claim title by adverse possession may call into question the veracity of her other claims, but this issue is one of credibility for the factfinder to resolve.

---

[1] With regard to Defendant's lack of use of the property for half of 1999; this time period is beyond the statutory period claimed by Defendant in asserting title by adverse possession. "After title has been acquired by adverse possession, it is not necessary to continue holding the land adversely; thus, the failure to continue to hold the land adversely will not defeat the title already acquired, nor will it reinvest the title in another." 3 Am.Jur. 2d §249 at 287.

"[I]t is hornbook law that the benefit of all reasonable doubts and inferences is to be given to the nonmoving party in determining whether a genuine issue exists." *Berlin Dev. Assocs. v. Dep't of Soc. Welfare*, 142 Vt. 107, 111 (1982). "[B]ecause of its severe consequences, summary judgment should be granted cautiously so that no one will be improperly deprived of a trial of disputed factual issues." *Margison v. Spriggs*, 146 Vt. 116, 118 (1985) (citation omitted). Plaintiffs have created sufficient issues of material fact to defeat Defendant's Motion for Summary Judgment. Defendant, in turn, has created genuine issues of material fact with regard to each of Plaintiff's defenses to Defendant's adverse possession claims sufficient to preclude summary judgment in Plaintiffs' favor. Resolving all reasonable doubts in favor of the non-moving party, the court concludes that summary judgment for either party is not warranted.

For the reasons stated above, Plaintiffs' motion for summary judgment is DENIED; Defendant's cross-motion for summary judgment is also DENIED.


SO ORDERED.


Dated at Middlebury, Vermont, August 1, 2005.


_____/s/_____
Hon. Christina Reiss
      Presiding Judge
      Addison Superior Court