*Allen*, for plaintiff.

*Van Ness*, for defendant.

### Bank of Burlington vs. Jireh Durkee et al.

That it is incorrect to exclude from the Jury, evidence of the taking even a trifling sum above legal interest, when the defence is usury. Whether taken corruptly, or by mistake, should be left to the jury.

That testimony of a general practice of taking interest at Banks according to printed tables, not exactly correct, and this practice a long time continued without resistance, is proper, and may be conclusive, to show the extra interest not taken corruptly.

THIS was an action brought upon a note of $2000, dated Nov. 9th, 1826, and payable in 64 days from the date, and discounted at the Bank the 16th of the same month. There was a jury trial in the County Court, and the defence set up was usury; and the plaintiffs obtained a verdict for the sum due upon the note.

Chittenden, Jan. 1829.    〉    It appears from the exceptions
Bank of Burlington vs. Durkee et al. 〈    allowed at the trial, that the testimony offered by the defendants to establish the usury, was, that at the time of the discount, the sum retained for interest, or discount, was $21 33, the Bank considering the note to run sixty-four days from the time of the discount : that is, they took interest at the rate of six dollars for $100 dollars for 360 days—that this was cast according to the interest tables which always had been used in said Bank; and the cashier did not know of any other tables in existence for that purpose—That the usage of the Bank is to consider the notes due in sixty-four days from the day of discount, and they are so entered on their books. This testimony was objected to by the plaintiffs, and was excluded by the court. The action was removed to this court for a hearing upon the exceptions taken and allowed, showing the above facts.

· *Van Ness, for the defendants, contended,*  1. That the contract is void by reason of usury, in taking discount for one week too much, as the note would fall due and be on interest in sixty-four days from the 9th day of November, 1826.

2. The note is void by reason of usury in computing the discount on the principle of 360 days to the year.—2 *Cow. R.* 705, 707, 708. 763. Taking discount in this manner, is taking it under a corrupt bargain.—2 *Cow. R.* 705, 706, 707.—*N. C. Stat.* 162.

· *Pomeroy, for the plaintiffs.*  The question now before the court arises on exceptions to the rejection of testimony, by the court below, which the defendants contend would have proved usury.  1. It does not appear by the case that usury was taken by the Bank. The note, although dated the 9th day of November, 1826, was discounted on the 16th day of said Nov. and, by the usages of the Bank, was payable in sixty-four days from the day of discount; and the note was assumed to be dated on that day, and so entered on the books of the Bank, and minuted on the note. The money was paid to the defendants on that day, and made use of by *Durkee* the same day. The discount received by the Bank was $21 33, being the interest on $2000, the amount of the note, for sixty-four days, at the rate of 6 per cent. for 360 days. Now, in as much as the defendants received the money on the day of

discount, and were not liable to pay the same, until they had the use of it 65 days, including the day of discount, the plaintiffs contend, that they had the right by law to take interest at the rate of 6 per cent. per annum for 65 days, which would in fact exceed the interest taken by four cents. 2. The plaintiffs contend that, should the court be of opinion that an excess of interest was taken, the circumstances of the case, and the trifling amount of that excess, forbids the presumption of intentional taking; and therefore, does not come within the statute against usury. 3. The plaintiffs contend that the maxim of Law, *de minimis non curat lex*, will apply to the case.

*Chittenden, Jan. 1829.*

*Bank of Burlington* vs. *Durkee et al.*

HUTCHINSON, J. delivered the opinion of the court. The plaintiffs have brought their action upon a note of $2000, and the defendants contend, that the note is void by reason of usurious interest, taken at the time the note was discounted at the bank.—— The question presented in the case is, whether the County Court correctly excluded the testimony by which the defendants would prove the usury? The counsel, in presenting authorities and commenting upon them, have extended their views to matters supposed to exist, and not technically within the case, nor noticed on their briefs. The case calls our attention to the testimony offered and excluded. The counsel have slightly noticed some matters that might have come in to rebut, if the testimony of the defendants had been admitted. We understand the subject may probably be up in various shapes, and have no objection to expressing our opinion, as far as formed, upon all that has been reached in argument. It appears, that the interest taken upon $2,000 for 64 days, was $21,33. That amounts to 29 cents more than if cast for such a portion of a year, as 64 days bears to 365 days. The extra interest amounts to a little less than one day's interest upon the whole sum. It was suggested in argument, that a legal cast of interest upon the note, as it now stands, would operate like applying the interest retained on the day of discount to the first 64 days from the date of the note. But the same testimony, that shows any interest paid, shows it paid as and for the interest for the 64 days from the day of the discount, and that this so appeared upon the books at the bank. This excludes the

CCC

first week of the note from the cast of interest, and the contract about interest altogether.

The statute upon which this defence is predicated, first prohibits the taking, in any of the ways that can be thought of, more than six dollars for the forbearance of $100, for one year, and so after the same rate for a greater or less sum, or, for a longer or shorter time; and then makes void all securities in any way affected by such usurious interest. This is nearly copied from the *English* statute, as it relates to the expressions which create the forfeiture. "Take by corrupt bargain," &c. are not the words used. Yet this branch must be so construed as if those words were used. A man must not sustain such a loss as the forfeiture of his whole note, because it is too large by a mere mistake, or because he takes or includes as interest too much by mere mistake. The proper remedy for such an evil is, to deduct the excess, and let the just amount be recovered. This has been the uniform construction of the English statute, and must be the construction of every penal statute. There must not only be an act done, but it must be done intentionally and in opposition to the statute.

Hence the question of usury is necessarily divisible. The first point to be ascertained is, whether too great interest has been taken or secured. The next is, whether it was done corruptly, or, in other words, with intent to violate the statute. Both these are questions of fact to be decided by the jury. In the case cited from *Cowen*, the court seem to decide the whole; but on reading the state of the case, we find it details the statute at large; then recites the agreement of the parties, that a verdict be taken, and a case be made, or those facts turned into a special verdict. As the court decided without such case, or special verdict, in form, it is presumed that detail of facts was considered the case as if agreed in form. The court, in that case, decide, and intend it shall be so understood, that the taking of interest according to the long-established custom of the banks, treating ninety days as the fourth part of a year, and so of other fractions of a year, is usurious, and that the usage does not prevent this taking of interest from destroying the note.

We are not prepared to go this length. It is giving a statute

severely penal, that liberal or ⎰    Chittenden, Jan. 1829.
extended construction, which ⎱ *Bank of Burlington* vs. *Durkee* et al.
belongs only to remedial statutes.  If a bank commences and car-
ries on its operations in a way pursued by all the banks in the
country, and the way that has been pursued by them for thirty
years, and even from the first establishment of banks in this coun-
try; and uses the same tables for casting interest, or, to speak
more properly, takes the interest from those tables already cast,
for any sum and any term of time, those same being printed tables
and kept for sale for the accommodation of banks and business men;
and, during all this time, this mode of casting and taking interest
has been acquiesced in as correct, and no resistance made to it in
any of the numerous actions, in which the defence might be made
if good in any case—under all these circumstances it cannot be
presumed that they acted with any intention to oppose or violate
the statute.  In such a case, the bank would have reason to be-
lieve, that the statutes of usury had received a construction from
the bench that sanctioned this mode of casting interest, or at
least, that it received the universal approbation of mankind.  The
going in a path so well understood, so long in use, and in such
general use, precludes all presumption of any intention to evade
the statute, or do any wrong whatever.

These observations are elicited by the authority cited from
*Cowen*, and the remarks of counsel upon that authority, and not
from any facts in the case.  Such facts, as above referred to,
might come in as rebutting testimony, on the part of the plaintiffs,
to a *prima facie* case of usury exhibited by the defendants.
The testimony of the defendants, being rejected, in this case,
there was no use for such rebutting testimony, nor is it in the case.

The mode of computing time, in a case like the present, is as
contended by the defendants' counsel:  that is, exclude the day
on which the note is discounted, and on which it ought, for this
purpose, if not every other, to be considered as delivered.  It be-
ing discounted the 16th, any time on the 17th, without regarding
the fractions of that day, there would be one day's interest:  and
so on through the whole sixty-four days.  Upon this mode of
computation, the plaintiffs took, as interest upon $2000 for sixty-
four days, twenty-nine cents too much:  that is almost, but not

Chittenden, Jan. 1829.

*Bank of Burlington* vs. *Durkee et al.* quite, one day's interest upon the sum of the note. The taking the interest in advance is, in one sense, taking excessive interest, because it gives to the plaintiffs the use of the interest thus taken during the period for which it is taken. But this is scarcely contended to create usury, it has been so long a time sanctioned by judicial adjudications. See said case in *Cowen;* also see *Cowp. R.* 115 ; also 3 *Com. Law Rep. p.* 95 *in note.* But the taking of the twenty-nine cents,as abovementioned, is a taking of more than the six per cent. allowed by the statute ; and that sum ought at least to be deducted in making up the judgment. The same being taken as excess of interest,and taken corruptly and against the statute, would constitute usury and avoid the note. The taking it deliberately and understandingly, realizing that it was an excess of interest, would be *prima facie* usury ; and would need to be rebutted by such circumstances, as are now alluded to, of that long and settled practice which renders the taking consistent with good intentions, and a well grounded supposition of obedience to the laws.

These premises lead to the necessary conclusion, that the testimony offered and rejected ought to have been admitted, as proper to present a *prima facie* defence of usury, liable, however, to be met, and done away, by such facts as both parties seem to suppose have existed : and even then, it ought to have the effect to diminish the judgment twenty-nine cents. It will be remembered that nothing of the rebutting evidence is incorporated into this case. There were interest tables used, of the only kind known to the cashier; but, for aught shown in the case, they were constructed by the plaintiffs, for their own use, and were never used nor approved by any other bank whatever.

If the parties wish to present the question to the jury, after the views of the court now expressed, in which we are well agreed, there must be a new trial of the cause. The defendant's counsel informed the court that they should insist upon another trial if they were entitled to it.

By the court—*Let a new trial be granted.*

*Pomeroy* and *Adams,* for the plaintiffs.

*Van Ness* and *Allen,* for the defendants.