———~O~———

FRANKLIN COUNTY, JANUARY TERM, 1829

*Bank of St. Albans* vs. *Scott & Raymond et als.*

That the taking of interest according to the uniform custom of Banks, though
it exceeds six per cent, by a few cents, is not usury, so as to defeat the se-
curity; but the excess should be deducted in rendering judgment.

THIS case came before the court on the following statement of
facts, agreed to by the parties: " This was an action of assump-
sit on a promissory note in the words and figures following, to wit,
"$600                              *Vergennes, August* 8, 1826.

" Sixty four days from date we jointly and severally promise to
" pay the *President, Directors, and Company of the Bank of St.*
" *Albans*, six hundred dollars for value received.

" *Scott & Raymond,*
" *Theodore Clark & Co.*,
" *Jacob M'Lane,*
" *Horace Wheeler.*"

It is admitted that said note was executed for the purpose of

being discounted at said bank, $\rbrace$    Franklin, Jan. 1829.
and that it was accordingly dis- $\rbrace$ *Bank of St. Albans* vs. *Scott et als,*
counted and paid at the time it bears date—that when the money was paid to the said defendants, the sum of six dollars and forty cents was retained by the bank as interest for said sum of six hundred dollars for sixty-four days; the balance, five hundred and ninety-three dollars and sixty cents only, was paid to them—and that said sum of $6,40 was all that said bank received for interest on said note. It is further agreed that the rule adopted, and invariably pursued, by said bank in discounting the notes offered for that purpose, is to call thirty days a month, or one twelfth part of a year, and to receive the interest at the time of discounting the notes; and that the note in question was discounted in the ordinary way, the interest being computed and paid according to the foregoing rule. If the Court should be of opinion that on the foregoing statement of facts the said note is usurious and void under the statutes against usury, then judgment is to be rendered for the defendants, otherwise judgment for the plaintiffs."

*Argument for the defendants.* 1. The note is usurious, because the plaintiffs exacted and received interest on the sum of six hundred dollars for the forbearance of the same for sixty-four days : whereas they loaned but five hundred ninety-three dollars and sixty cents.—*Cro. Jac.* 25, *Barnes* vs. *Walrich.*—3 *B. & P.* 354, *Marsh* vs. *Martindale.* 2. The interest exacted and received for the forbearance of $600, for 64 days was usurious ; and so is the plaintiffs' rule of casting interest, shortening the year and thereby raising the rate.—2 *Cowen's R.* 678, *N. Y. F. Insurance Co.* vs. *Ely.*—*Id.* 712, *Bank of Utica* vs. *Wager.* 3. It may be said that the corrupt agreement constitutes the usury. This is admitted, but cannot avail the plaintiffs. The intent is a matter of law. Taking more than 6 per cent. for forbearance for a year, or any part of a year, is *prima facie* usury.—9 *Mass. R.* 49.—1 *Saund.* 295-6 *in note.* Have the plaintiffs in this case shown any fact or circumstance to repel this presumption ?—16 *Johns.* 367, *Dunham* vs. *Gould.*

*Argument for the plaintiffs.* 1. Receiving the interest at the time the money was loaned does not make the transaction usurious. *Cowper* 112, *Floyer* vs. *Edwards,*—8 *Wheat.* 338, *Fleckner* vs. *U. S. Bank.*—8 *Com. Dig.* 621.

Franklin, Jan. 1829.

Bank of St. Albans vs. Scott et als.

2. It has been a long and universal custom, in computing interest for a number of days, which together make a small portion of the year, as in the present case, to call thirty days a month. If the Legislature, by the statute against usury, intended to prohibit this custom, there would have been some words in the statute, expressly prohibiting it. *Six per cent.per annum and so after the same rate for a shorter time,*does not require, that the interest for a small number of days must be reckoned with mathematical exactness. To call thirty days a month is sufficiently accurate.

3. The case shows that the lenders had no intention of violating the law, nor any corrupt intent. The usury complained of, being only eight cents too much on the loan of six hundred dollars for sixty-four days, is too trifling to have attracted the attention of either party at the time of making the contract.—7 *Johns. Ch. Rep.* 69.

4. The defendants contend, that in computing interest on sixty four days, for six hundred dollars, the interest must be in the exact proportion of 64 to 365. If that mode of computation should be considered the only lawful mode of computing interest, still, the case presented does not show usury. The case states, that the defendants received the money on the 8th day of August, and that the note was payable in 64 days from that time. If the defendants received the money at the beginning of that day (and such is the legal presumption) they might have had it 65 days before payment would have been required. Allowing 65 days interest,the defendants have not paid quite so much interest as was due by their own mode of computing.If the defendants prevail,the money loaned is forfeited on the ground that the plaintiffs have violated the law. The legal presumption is in favor of innocence, to save the forfeiture. The Court will, therefore, presume that the defendants received the money on the beginning of the day of the 8th of August. On this point we cite the following authorities.—*Doug.* 462-4, *The King* vs. *Adderly.*—3 *East,* 407, *Glassington* vs. *Rowlies.*—*Bay. on Bills,* 155.—*Chit. on Bills,* 338.—2 *Con. R.* 69, *Avery* vs. *Stewart.*—*Sw. Dig.* 229. From these authorities it appears,that the act of lending the money,from which the plaintiffs were entitled to demand interest, is to be re-

ferred to the beginning of 8th of } Franklin, Jan. 1829.
August, 1826. But by the law of } *Bank of St. Albans* vs *Scott et als*, promissory notes the day of the date is excluded from the time the note is to run, and no action could be brought on this note until the expiration of 64 whole days after the 8th of August ; hence the loan was for the 8th of August, and 64 whole days more, or 65 days in the whole.

HUTCHINSON, J. delivered the opinion of the court. The general principles, that must govern this case, will be found in the case of the *Bank of Burlington* vs. *Jireh Durkee et al. (See page 399 of this Vol.)* There a new trial was granted, because the testimony offered by the defendants to prove the usury, was excluded ; and the circumstances which both parties seemed to suppose existed, with regard to the general custom of doing business at the banks, were not in the case ; and it was not permitted the court to decide what the jury would have found, in relation to a corrupt agreement, had the testimony been admitted. Here the parties have agreed upon a statement of facts, upon which the court are to decide the cause.

The plaintiffs have established a good cause of action upon their note, unless defeated by the defence of usury. This defence, in order to prevail, must consist of the taking or securing, by the plaintiffs, more than six per cent. interest, and the doing that intentionally against the provisions of the statute. The case shows the taking of about *eight cents* too much, for the interest of $600, for 64 days ; but it shows this to be according to the uniform course of business at the bank. From these facts merely, and as heavy as the penalty of the statute is, creating a forfeiture of the whole debt, we cannot decide this a corrupt agreement in violation of the statute. The sum is so small, that every presumption is against its being taken as an intentional violation of the statute. It's being an invariable rule of the bank, and uniformly and publicly followed, to cast interest in this way, affords a strong presumption that the plaintiffs thought this perfectly conformable to the statute. If they acted honestly, but mistook in their construction of the statute, with regard to the fractions of a year, their debt must not be lost by this. There are many ways of casting interest, adopted by courts in the different states, and even in the same state at different periods, all varying in their results more than this computation differs from the

*Franklin Jan. 1829.*

*Bank of St. Albans vs. Scott et als.*

true one.  It must be presumed that the different courts act with equal integrity in making those various decisions ; and why may not the plaintiffs be governed by equally good intentions, when they have varied in the sum short of a day's interest ?

This falls within the first clause of the statute, that no more than six per cent.shall be taken; and the *eight cents* extra must be deducted from the amount in making up judgment.  And we wish it fully understood,that the bank must change their mode in future, or they will act with their eyes open.

Let judgment be entered for the plaintiffs for the amount of the note, deducting the *eight cents,* and casting interest from the time the sixty-four days expired.

*Aldis* and *Davis,* for plaintiffs.

*Smalley* and *Adams,* for defendants.