———o———

## The Bank of St. Albans vs. Peleg Stearns.

That a Bank note is not void, as usurious, by reason of their taking interest for 64 days at the rate of 360 days to a year, that being a general custom at Banks; but the excess must be deducted.

The facts in this case sufficiently appear from the following opinion of the court, pronounced by

HUTCHINSON, J. This action was the same with that, of the *Bank of Burlington* vs. *Jireh Durkee et al*, in principle, (see page 399) except that the evidence of usury offered by the defendant was admitted, and met by testimony on the part of the plaintiffs, and the case went to the jury under the charge of the court.

This action, like that, was brought upon a note of $2000, and the excess of interest complained of was 29 cents. The note was dated August 1st, 1826, and was payable in sixty-four days from the date. The testimony, on which the defendant relied, to establish the defence of usury, tended to show, that the plaintiffs retained for interest, at the time of the discount, $21 33, for the 64 days; being 29 cents more than six per cent.

The testimony of the plaintiffs, adduced to rebut this, tended to show, that the Bank have always used *Rowlet's* interest tables

which were published in the year ⎱     Franklin, Jan. 1829.
1802, and have been used at ⎰ *Bank of St. Albans* vs. *Stearns.*
many Banks, for instance, at the *Bank of Burlington*, two
Banks in *Troy*, one in *New-York*, and the one at *Plattsburgh*,
when in operation—That these tables exhibit a cast for a year, as
of 365 days, and the parts of a year, as of 30 days to a month—
and, that the interest taken in this case, was cast according to
these tables—That no other tables have been in use, till those of
*Chapman*, which had been some in use a year before the trial of
this action, and which cast for the days of the year at the rate of
365 days in the whole year : also tending to show that the same
mode of casting interest adopted in this case, was formerly used
in the several branches of the *Vermont State Bank*.

The defendant's counsel requested the court to instruct the jury, that, if they believed the foregoing testimony, they must consider said note usurious and void, and return a verdict for the defendant. But the court refused so to instruct the jury ; and did instruct them, that, if they believed all of said testimony, they would consider said note valid, and return a verdict for the plaintiffs. To these instructions the defendant excepted, and the verdict being for the plaintiffs, the exceptions were allowed, and the cause removed to this court, for a hearing upon said exceptions.

The counsel have seen fit to submit the case without argument; and we need do but little more, than apply to it the principles laid down by the court in the case of the *Bank of Burlington* vs. *J. Durkee et al.* The same rebutting testimony on the part of the plaintiffs, spoken of there, as proper to explain the reasons and intention of the taking the 29 cents *extra*, passed to the jury in this case ; and the jury were correctly instructed, that, if they believed all the testimony in the case, they should return a verdict for the plaintiffs. The proper and legal inference from all that testimony is, that the Bank, the plaintiffs, wished to do business correctly, and according to the established and well approved usages of other Banks. These they became acquainted with, and prepared to follow them. They purchased the interest tables, in common use at other Banks, and adopted *them* for the convenience of the Cashier and clerks ; and that with every reason to believe them as sure a guide here, as in the Banks of other states, where usury would prove as fatal to the note as here.

Franklin, Jan. 1829.   ⎰   We can, with propriety, adjudge,
*Bank of St. Albans* vs. *Stearns.* ⎱ that the case is within the first
clause of the statute, which enacts, that no more than six per
cent. should be received as interest, and cause the excess to be
deducted ; but we cannot so administer the law, that those who
proceed with reasonable caution, and the most labored exertion to
find the true and the most tried path, and find and pursue it, shall
yet be doomed with heavy penalties, even the whole amount of
their money loaned. No corrupt agreement, no intention to vio-
late the statute, can be legally inferred in such a case.

How numerous must have been the Bank suits, in all the states
in the union, where a similar defence might as well have been in-
terposed as here ! Yet, who ever heard of such a defence, till the
case reported in 2 *Cowen* ?

A man would as soon be apt to doubt the correctness of his
printed law book, as of his printed interest tables, till some incor-
rectness be shown to him. I have seen *Rowlet's* tables much
used, and have no recollection of ever knowing, or suspecting,
them incorrect, till on the present circuit. Many others may
have been alike unsuspicious. What should excite suspicion ?
We may be jealous of a new invention or an innovation in prac-
tice, and be led to examine its correctness. But, when we are
told, and that with truth, that the tables presented have been in
general, and well approved use, for 25 or 30 years, why go about
to correct them ? Why refuse to trust them as a guide ? How
often do courts decide that to be law which is only known to
have been a general practice for many years ? They say, the le-
gislature have known this practice ; they have not seen fit to al-
ter it. Citizens affected by it have not seen fit to litigate its pro-
priety in the courts of law. It is understood by the people to be
law ; and a change by a judicial decision, operating on past trans-
actions, cannot but work injustice. Here we have no difficulty
in correcting the mistaken construction of the statutes of usury.
The rule we adopt prescribes a rule for future contracts, and does
exact justice in those that now exist.

· Let the plaintiffs enter a remittitur for the *twenty-nine cents*, if
the jury did not deduct it, and let the judgment of the County
Court be affirmed.

*Aldis* and *Davis*, for the plaintiffs.
*Van Ness* and *Allen*, for the defendant.