## John J. Staab, et al. v. Northfield Savings Bank and Northfield Savings Bank v. John L. Staab, et al.

[349 A.2d 214]

Nos. 87-75, 88-75

Present: **Barney, C.J., Smith, Daley and Billings, JJ.**

Opinion Filed December 2, 1975

*John A. Burgess Associates, Ltd.,* Montpelier, for Staab.

*McKee, Clewley & FitzPatrick,* Montpelier, for Northfield Savings Bank.

**Billings, J.** The Northfield Savings Bank commenced a foreclosure action against John J. Staab, Cecile B. Staab, the Staab Family Trust, and Julian Goodrich Architect, Inc. in the Washington Superior Court; and the defendants Staab and the Staab Family Trust counterclaimed alleging that the plaintiff was charging a usurious rate of interest by its mortgage interest rate schedule. These causes were consolidated for the purpose of trial. Findings of fact were made by the trial court, and judgment of foreclosure was entered for the

Northfield Savings Bank against the Staabs and judgment for the defendant bank was entered on the counterclaims. The only issue before this Court is whether the rate of interest called for or actually paid exceeded the maximum legal rate of interest, as provided for in 9 V.S.A. § 41(a).

By stipulation of the parties, the findings of facts of the trial court are not here challenged. On March 17, 1972, the Staabs executed and delivered to the Northfield Savings Bank a promissory note in writing, by the terms of which the Staabs agreed to pay to the order of the Northfield Savings Bank the sum of $55,000.00, with interest thereon at the rate of 7½ per cent per annum in monthly installments of $443.00. A mortgage on certain land and premises owned by the Staabs secured the payment of the note. The trial court found that up until the time of default on December 15, 1973, the Staabs had actually paid on account of interest a total of $6,351.27. The court also determined that the bank computed the interest on a 360-day year amortization schedule, and the trial court further found that even if the calculations had been based on a 365-day year the resulting total over a full year's period arithmetically total the same. The court also found that the bank had not charged nor collected excess interest.

Interest on the Staab mortgage was charged at the maximum rate of 7½ per cent to April 3, 1974, and 8½ per cent thereafter. 9 V.S.A. § 41(a). In computing interest, because of the asymetrical nature of the Gregorian calendar, there are three methods generally used. The 365-day year approach, generally referred to as the 365/365 basis of computation, is where the rate of interest is divided by 365 and this produces a daily interest factor and the number of days that the loan is outstanding is then multiplied by the daily interest factor. The 360-day year basis is known as the 360/360 method of calculation, where each month is treated as having the same number of days, and so interest for each month is the same. The third method of calculation of interest is a combination of the first two and is generally referred to as the 365/360 method of computation. Here, the interest rate is divided by 360 (30 days for each month) to create a daily factor. The number of days that a loan is outstanding is then multiplied by the daily factor. Thus, interest charged for months of

different lengths varies, and interest charged for a calendar year is greater than interest charged under either of the first two methods.

Over a full year's period, the 360-day year basis will not produce more interest for that year than the exact amount the specified rate calls for and the total will arithmetically be the same as if the 365-day year basis was used. *Silverstein* v. *Shadow Lawn Savings & Loan Assn.*, 51 N.J. 30, 237 A.2d 474, 477 (1968). If one uses the third method of computation, at the maximum legal rate of interest, it will call for slightly more interest than the legal rate would provide.

The Staabs here rely on a trilogy of cases decided in 1829 which defined the words of the statute "for one year" as meaning 365 days, and held that computing interest where the maximum rate was called for by the 365/360 method of computation would be usury. *St. Albans* v. *Stearns*, 1 Vt. 430 (1829); *Bank of St. Albans* v. *Scott*, 1 Vt. 426 (1829); and *Bank of Burlington* v. *Durkee*, 1 Vt. 399 (1829). In those cases, this Court indicated prospectively that such a computation would be in violation of the statute. However, these cases are distinguishable from the situation here in that it is uncontradicted in the findings of the trial court that the bank here used the 360/360 computation basis.

■ The unchallenged findings of the trial court stated that the bank neither called for, charged, nor collected excess interest, and findings of fact, if supported by sufficient evidence, are conclusive. Findings must stand if there is legitimate evidence fairly and reasonably tending to sustain them, and in these cases we must affirm the facts found by the trial court since the findings are fairly and reasonably supported by the evidence. *Hilliker* v. *Husband,* 132 Vt. 566, 326 A.2d 177 (1974).

■ The issue stipulated by the parties here that computation of interest on a 360-day basis is usury as a matter of law where interest is charged for less than a year is not properly before us in view of the evidence and the findings of the trial court, and this Court will not decide suppositional questions, even if submitted by agreement. *In re Reynolds Estate,* 89 Vt. 224, 225, 95 A. 498 (1915).

*Judgments affirmed. Remanded for the purpose of affixing a redemption date.*

Mr. Justice Larrow took no part in this opinion, being disqualified.