## Edmund J. Carbonneau d/b/a Hillside Saw Plant v. Lague, Inc.

[352 A.2d 694]

No. 131-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed February 4, 1976

*Thomas F. Heilmann* of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff.

*John M. Kilmurry*, Montpelier, for Defendant.

Billings, J. Plaintiff sought injunctive relief in the Washington Superior Court to restrain the defendant from interfering with guy wires supporting plaintiff's boom derrick which were located on land of defendant. The trial court, after having found that plaintiff had an irrevocable license, terminable only on breach of condition, to maintain the guy wires and anchors on defendant's premises, prohibited defendant from interfering with their use. Defendant appeals, alleging that the license granted in 1954 was revocable and that, in any event, it was terminated in 1969 when the parties entered into a lease agreement regarding the wires.

In 1954, plaintiff and his then partner approached Manuel Cano, defendant's predecessor in title, seeking permission to place guy wires on defendant's property to hold up a boom derrick for their granite cutting shed. The trial court found, although the evidence was somewhat in dispute, that Cano granted plaintiff permission to install the guy wires with the stipulation that the cables would not interfere with Cano's haycutting operations. Plaintiff erected the wires at considerable expense and has since maintained them. At no time have the cables interfered with haying operations. In 1969, plaintiff and defendant executed a one-year lease agreement, renewable at defendant's option, for the continuation of the cables on the property, for the consideration of one dollar, which plaintiff to date has never paid. Defendant testified that his purpose in seeking the lease was to anticipate and avoid a possible claim of adverse possession. In 1974, defendant billed plaintiff for rent of the property and advised him that if the bill were not paid the cables would have to be removed forthwith.

Although the lower court's conclusions of law are silent on the issue of the revocability of the license granted by Cano to

plaintiff, its subsequent determination that plaintiff was entitled to the injunction restraining defendant from interfering with the guy wires illustrates that the court had in mind the presence of an irrevocable license.

Plaintiff's testimony regarding the scope of the license originally given him by Cano detailed continued permission to use the land for the guy wires, so long as there was no interference with Cano's haycutting operations. Cano, however, testified by deposition that he permitted the wire placement on his land with the understanding that plaintiff would have to take care of "it" if it bothered him. That the trial court adopted plaintiff's version of the license granted is important, for given the subsequent construction of the guy wires and the absence of any interference with Cano's haycutting operations, the license was rightly classified as irrevocable, terminable only on breach of condition. *Clark* v. *Glidden*, 60 Vt. 702, 15 A. 358 (1887). Consequently, the injunction would have appropriately issued, for a license, irrevocable by the licensor, cannot be withdrawn by the purchaser who has notice of the license. *Sargent* v. *Gagne*, 121 Vt. 1, 13, 147 A.2d 892 (1958).

The lower court chose not to adopt Cano's description of the permission granted in light of plaintiff's testimony as to the scope of the license. Given Cano's description of its terms, the license was clearly revocable at his will, if it bothered him. See *Hall* v. *Chaffee*, 13 Vt. 150 (1841). Thus, defendant, as successor in title to Cano, could have revoked the license. But, we must construe findings in support of the judgment, and they must stand if there is any credible evidence fairly and reasonably supporting them. *LaFountain* v. *Vermont Employment Security Board*, 133 Vt. 42, 330 A.2d 468 (1974). We find sufficient evidence in the record to meet this test.

Even given the conclusion that the license was irrevocable, the voluntary lease agreement entered into between the parties in 1969 terminated the irrevocable license, itself terminable on breach of condition, as a matter of law, and the lower court erred in issuing an injunction order. If a licensee consents to a substitution in the relation of

landlord/tenant for that of licensor/licensee, equity is not concerned in perpetuating the latter relation. *Wheaton v. Cutler*, 84 Vt. 476, 79 A. 1091 (1911). Plaintiff now seeks to avoid the consequences of this lease by claiming a lack of consideration running from him to defendant, in that he did not pay the rental fee of one dollar. The defense of lack of consideration is not available to one who fails to furnish it. The plaintiff takes nothing by this argument.

*Reversed and remanded.*