# Robert G. Fin v. Middlebury College, F. Andre Paquette and Robert L. Baker

[394 A.2d 1152]

No. 73-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 9, 1978

*Richard H. Thomas,* Burlington, for Plaintiff.

*J. Fred Carbine, Jr.,* Rutland, for Defendants.

Daley, J. The plaintiff brought a civil action against the defendants seeking compensatory and exemplary damages for an alleged libellous statement made against him in a letter dated August 30, 1971, addressed to and received by the president of the college at which he was employed. The cause was heard by the court without a jury. Upon the evidence presented concerning the context in which the statement was made and the manner in which it was interpreted by its recipient, the court found that the language at issue did not warrant a finding of libel. It then found that the plaintiff had failed to prove the allegations of his complaint, and judgment was entered for the defendants. The plaintiff appeals.

In his appeal, the plaintiff does not challenge the findings of fact, but raises issues relating to privilege. However,

the court's unchallenged findings are dispositive of the allegations of the complaint, if supportable in law.

■ We must affirm the findings if they are fairly and reasonably supported by credible evidence, *Carbonneau* v. *Lague, Inc.*, 134 Vt. 175, 177, 352 A.2d 694, 696 (1976); *Staab* v. *Northfield Savings Bank*, 134 Vt. 44, 46, 349 A.2d 214, 215 (1975), and they are not clearly erroneous, V.R.C.P. 52; *Monti* v. *Town of Northfield*, 135 Vt. 97, 100, 369 A.2d 1373, 1376 (1977); *Hilliker* v. *Husband*, 132 Vt. 566, 568, 326 A.2d 177, 179 (1974). The evidence supports the court's findings.

The findings recount a recurring dispute between the plaintiff and the defendants over a period of years and the voluminous correspondence that was its result. The court found that the president of the plaintiff's college, the only recipient of the letter, did not, because of its contents, think less of the plaintiff academically, professionally or otherwise. There is no finding that the plaintiff suffered any humiliation or that his reputation as a scholar had been blackened.

■ The gist of an action for libel is injury to the plaintiff's reputation. See *Kinsley* v. *Herald & Globe Assn.*, 113 Vt. 272, 276, 34 A.2d 99, 101 (1943). It is incumbent upon the plaintiff to establish that the communication in question tends to lower him in the estimation of a substantial respectable group, even though they are a minority of the total community or of the plaintiff's associates. 50 Am. Jur. 2d *Libel and Slander* § 1. Without a finding of this nature, the plaintiff's claim must fail.

The question of privilege is of no consequence since the court found that the statement was not libellous.

*Judgment affirmed.*