# Lita M. Frogate v. Tony F. Kissell, As Executor Under Last Will and Testament of Herman L. Cowing, William Keveney, Brian Keveney, Christopher C. McGrath, Administrator c.t.a. for the Estate of Elinor M. Keveney, Alan G. Thompson, Administrator c.t.a. for the Estate of Clarence A. Roberts

[412 A.2d 1138]

No. 347-78

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Springer, District Judge, Specially Assigned

Opinion Filed February 6, 1980

*John H. Carnahan* of *Fitts & Olson*, Brattleboro, for Plaintiff.

*Weber, Perra & Gibson*, Brattleboro, for Kissell.

*Timothy J. O'Connor, Jr.*, Brattleboro, for Keveneys and McGrath.

**Hill, J.** Plaintiff appeals from the entry of a judgment denying the enforcement of an alleged oral inter vivos trust. She purported to establish that the trust was created in 1938 by

her father, Clarence A. Roberts, and his sister, Ethel Roberts, when they arranged for the purchase of 83 shares of the common stock of the American Telephone and Telegraph Company to be held by their sister, Mildred I. (Roberts) Cowing, during her lifetime, and upon her death to revert to the "Roberts family or the heirs thereof."

The factual background of the controversy is quite complicated, involving stock splits, the creation of joint tenancies, unexpected deaths, and agreements to bequeath, and it would serve no useful purpose to set it out in detail. Where pertinent to plaintiff's arguments, the necessary background is provided.

Plaintiff raises two grounds of error. First, she asserts that the trial court erred when it excluded certain evidence on the ground of hearsay and under the Vermont Dead Man's Statute. 12 V.S.A. § 1602. Second, she claims that the trial court's finding of fact that the American Telephone and Telegraph Company stock was given to Mildred I. (Roberts) Cowing solely by Ethel Roberts was contrary to the evidence. We disagree, and affirm.

█ Even assuming that the exclusionary ruling challenged in plaintiff's first alleged ground of error was erroneous, it will not result in reversal unless plaintiff can demonstrate that the claimed error was prejudicial and injured her rights. *Monti* v. *Town of Northfield*, 135 Vt. 97, 99, 369 A.2d 1373, 1375 (1977) ; *Green Mountain Marble Co.* v. *State Highway Board*, 130 Vt. 455, 468, 296 A.2d 198, 206 (1972).

Based on our examination of the record, plaintiff failed to make the necessary showing. The information contained in the document that plaintiff sought to introduce, but which was excluded, was substantially the same as the information contained in a second document that was admitted. The excluded document, in pertinent part, provided:

> Several years ago the Roberts family . . . turned over to Mildred I. Roberts . . . a sum of money sufficient to purchase eighty-three (83) shares of the Common Stock of the American Telephone and Telegraph Company. Said stock was purchased. At the time Mildred I. Roberts was unmarried and legally competent. There was an understanding, however, that, while title to the stock would

remain in the name of Mildred I. Roberts and that she would receive the dividends therefrom during the term of her natural life, upon her demise the stock would revert to the Roberts family or the heirs thereof.

The admitted writing stated:

[O]n an earlier date a certain Roberts family turned over to Mildred I. Cowing, wife of Herman L. Cowing, a sum of money sufficient to purchase eighty-three (83) shares of Common Stock of the American Telephone and Telegraph Company which said stock was purchased in the name of Mildred I. Cowing with the understanding, however, that title would remain in her name and she would receive the dividends therefrom for and during the term of her natural life and upon her demise the stock would revert to the Roberts family or the heirs thereof.

There is, in our opinion, no functional difference between the information contained in these two documents. Accordingly, "if there was error in the exclusion of the first it was rendered harmless by the admission of the second, by which the [plaintiff] had the benefit of substantially the same evidence." *Page* v. *McGovern*, 110 Vt. 166, 172, 3 A.2d 543, 546 (1939).

■ Findings of fact such as that challenged in plaintiff's second alleged ground of error will not be overturned unless clearly erroneous. *Monti* v. *Town of Northfield, supra,* 135 Vt. at 101, 369 A.2d at 1376; V.R.C.P. 52. It is our duty to uphold the trial court's finding if, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, it is fairly and reasonably supported by credible evidence. *Tallarico* v. *Brett,* 137 Vt. 52, 57, 400 A.2d 959, 963 (1979); *Fin* v. *Middlebury College,* 136 Vt. 543, 544, 394 A.2d 1152, 1153 (1978). We are bound by this rule since at trial the evidence usually is in conflict, and the trier of fact is better situated to resolve any disagreements by taking into account the weight of the evidence, the credibility of witnesses and the persuasive effect of the testimony. *Schwartz* v. *Town of Norwich,* 137 Vt. 130, 131, 400 A.2d 991, 992 (1979); *Seaway Shopping Center Corp.* v. *The Grand Union Stores, Inc.,* 132 Vt. 111, 116, 315 A.2d 483, 487 (1974).

The conflicting evidence that underlay the trial court's finding consisted primarily of three letters written by Clarence A. Roberts. One letter made it apparent that Ethel Roberts alone had given the stock to Mildred I. (Roberts) Cowing, while a second letter indicated that both Clarence and Ethel had made the gift. The third letter, which on initial examination seemed to show that the gift was jointly given, was rendered ambiguous by testimony at trial to the effect that Clarence and Ethel had made individual gifts to Mildred, with Ethel alone giving the original 83 shares that form the basis of the present suit. In light of these facts, we are unable to say that the trial court's finding was clearly erroneous.

*Affirmed.*