### In re Estate of Bessie Belle Rotax

[429 A.2d 1304]

No. 48-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed March 26, 1981

*Kelley and Meub, Ltd.*, Middlebury, for Appellants.

*Donald Arbitblit* of *Langrock Sperry Parker & Stahl*, Middlebury, for Appellees.

Hill, J. From a judgment after jury trial upholding the will of Bessie Belle Rotax, contestants appeal. We affirm.

Mrs. Rotax owned, among other possessions, a camp and a 500 acre dairy farm worth $280,732. She bore six sons and three daughters. All but two of the children left the farm. Two of the sons, Edward and Rudolph, remained. They, with the help of Rudolph's daughter Luanne, worked the farm. Edward lived in the main house with his mother; Rudolph and his family had their own home on the premises.

Victor and Gayle Burbo were friends of Edward, Rudolph and Luanne and, as neighbors, had become friendly with Mrs. Rotax. Mrs. Burbo had been a legal secretary for several years.

Mrs. Rotax was suffering from cancer. In July, 1977, she went to the hospital for a blood transfusion. Before going to the hospital, she had visited two lawyers for the purpose of having a will drawn. She told Mrs. Burbo that she did not execute a will because she did not understand the lawyer's language. Mrs. Burbo indicated that a lawyer was not needed to draw a will and that she, Mrs. Burbo, would help her.

Shortly after Mrs. Rotax returned from the hospital, the Burbos visited the farm. On that day Mrs. Rotax prepared her will with some help from Mrs. Burbo. The farm was left to Edward, Rudolph and Luanne. The camp was devised to the six sons. She made other small individual bequests but failed to mention two of the daughters. The will was in her

own handwriting. Her competency to make the will and that it was properly executed are not challenged. The will was witnessed by the Burbos and Sandra Ingham, a friend of Luanne's.

Three of the sons who received no part of the farm challenged the will. The daughters not mentioned therein did not join in the challenge.

The contestants raise in this Court only one claim of error: that evidence at the trial constituted "suspicious circumstances" giving rise to a presumption of undue influence on Mrs. Rotax when she prepared the will. They claim that, as a result, the burden of proof on the issue of undue influence should have been shifted to the proponents of the will and that the court should have so charged the jury. The trial court held as a matter of law that the contestants failed to show suspicious circumstances and, in its charge, continued the burden of proof as to undue influence on the contestants.

The contestants allege, in sum, that the will resulted from a concerted, prolonged effort to force a sick woman to dispose of property against her wishes and at the expense of some of her children who had remained close and loyal to her.

■■■ The doctrine of undue influence is applicable when a testator's free will is destroyed and, as a result, the testator does something contrary to his "true" desires. See *In re Everett's Will,* 105 Vt. 291, 315, 166 A. 827, 836 (1933). "Any species of coercion, whether physical, mental, or moral, which subverts the sound judgment and genuine desire of the individual, is enough to constitute undue influence." *Id.* The influence can be exerted either at the time of the act in question or over an indefinite prior period. *Id.* at 301, 166 A. at 830. As stated in *In re Collins Will,* 114 Vt. 523, 533, 49 A.2d 111, 117 (1946):

> The burden of proving the existence of undue influence is, ordinarily, upon the contestant. But when the circumstances connected with the execution of the will are such as the law regards with suspicion, the burden is shifted to the proponent, who must show affirmatively that the will was not procured by this means. Indeed, it has been held that in such a situation the law raises a presumption of undue influence, which establishes prima facie the

existence of it, and is sufficient to defeat the will unless and until it is overcome by counter proof. Generally speaking, the doctrine is applicable where a relationship of trust and confidence obtains between the testator and the beneficiary, or where the latter has gained an influence or ascendency over the former. Usually, but not always, it appears that the beneficiary has procured the will to be made or has advised as to its provisions. There are certain modifications to the doctrine which affect the relationships of husband and wife, or parent and child . . . .

The modifications referred to in *Collins* were first reviewed by then Chief Justice Rowell in *Burton's Admr.* v. *Burton*, 82 Vt. 12, 23, 71 A. 812, 817 (1909).

This is precisely the error the master made in this case, for he adopted and acted upon the rule applicable only to the relation of attorney and client, guardian and ward, and the like, and thereby failed to distinguish the difference in possible probative effect between such relations and confidential relations between parent and child. The former relations, in practical effect . . . change a permissible inference of fact in the case of a child, to a necessary presumption of fact in the case of an attorney or a guardian; or, in other words, change such permissible inference of fact from one that might, as matter of reasoning, show undue influence, to one that certainly, as matter of law, is *prima facie* proof of such influence.

The law is further defined in *In Mason's Will*, 82 Vt. 160, 166, 72 A. 329, 331 (1909):

The points made regarding the charge are all based upon the failure of the court to instruct the jury that in the circumstances disclosed by the evidence the burden upon the issue of undue influence was on the proponent. The rule for which the contestant contended has since been held inapplicable in cases where the beneficiary is the donor's child.

Here the beneficiaries are two children and a grandchild of the testatrix, and the rule regarding shifting of the burden does not apply.

Whether suspicious circumstances exist is to be determined by the trial court only to establish the burden of proof on the ultimate issue of undue influence. The court's refusal to charge on the issue of suspicious circumstances did not deprive the contestants of their basic theory that the will was executed through undue influence. It merely meant that the burden of proof remained on the contestants. See *In re Burt,* 122 Vt. 260, 266, 169 A.2d 32, 36 (1961).

The contestants also claim that Mrs. Burbo was guilty of the unauthorized practice of law. They argue that in order to discourage such unauthorized practice of law, any time one performs legal services without the supervision of an attorney suspicious circumstances exist. We cannot subscribe to such a theory. Whatever the sanctions for the unauthorized practice of law may be, they should not be visited upon persons not participants.

*Judgment affirmed. To be certified to the probate court.*