Charles B. Vaughan, Jr. v. Frederick Tetzlaff and
Elizabeth Tetzlaff

[446 A.2d 356]

No. 145-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed April 6, 1982

*Arthur J. O'Dea, P.C.,* Manchester, for Plaintiff.

*Ryan Smith & Carbine, Ltd.,* Rutland, for Defendants.

**Hill, J.** The plaintiff-appellant sued for specific performance of a real estate contract with the defendants. The trial court found that the parties had not agreed on a critical contract term, and concluded that the contract was so uncertain as to bar the remedy of specific performance. We reverse.

The plaintiff, as buyer, and defendants, as sellers, signed a contract which described the land to be conveyed as follows:

> 23 +/- (twenty-three plus or minus) acres located on Morse Hill Road, adjacent to lands of Orla Reed on the North and East, and containing a right of way to said land on the north, presently owned by Mr. Frederick W. and Mrs. Elizabeth D. Tetzlaff. . . .

There is no dispute concerning the description of the parcel. The parties, however, disagreed over whether another right of way could also be created in the deed.

The defendants submitted a deed to the plaintiff which reserved the existing right of way:

> The premises are subject to the right of way reserved to Orla Reed and wife in said deed as follows:
>
> The GRANTORS except and reserve to themselves, their heirs, successors and assigns, a right of way for all purposes through the parcel herein conveyed along an existing roadway running the entire length of said parcel from the highway hereinabove described, known as Morse Hill Road, to the other lands of the Grantor situated Northerly and Easterly of the parcel herein conveyed, the said right of way being 50 feet in width, 25 feet either side from the middle of the existing roadway, said roadway to be more specifically described on the survey prepared by Claude D. Dern above noted, by said Land Surveyor.
>
> Excepting and reserving also, to the said Frederick W. Tetzlaff and Elizabeth D. Tetzlaff, their successors and assigns, a right of way 50 feet in width extending northerly from Old Morse Hill Road to the north line of the premises conveyed; the centerline of said 50 foot strip shall be the centerline of the existing roadway as now located.

They added another sentence:

> If the said C. B. Vaughan, Jr. or his successors in title shall construct a roadway leading northerly from Morse Hill Road at a different location, upon completion of that roadway the right of way for highway purposes excepted and reserved to Frederick W. and Elizabeth D. Tetzlaff, their successors and assigns, shall be transferred to such new roadway and their rights over the old roadway in-

sofar as the same are duplicated by the rights over the new roadway shall cease and determine.

The plaintiff did not object to the reservation of the existing right of way, as outlined in the first quoted portion of the deed. He objected to the second reservation as adding a condition to the original contract. The issue before this Court is whether the lower court erred in finding that there was no "meeting of the minds" on the right of way provision, and consequently, that the provision was too vague to be specifically enforced.

We will not reverse the findings of the trial court unless they are clearly erroneous. *Frogate* v. *Kissell,* 138 Vt. 167, 168, 412 A.2d 1138, 1139 (1980); V.R.C.P. 52(a). In this case, however, the findings of the trial court contain inconsistencies flowing from a misapplication of the governing legal standards. Once the confusion is unraveled, the trial court's finding that there was no "meeting of the minds" loses its credibility.

The findings do address the dispositive factual issue: the additional right of way does not reflect the parties' contract, but appears for the first time in the deed tendered by the defendants. The court explicitly found that the deed attempted to create "a *new* right of way in favor of the Defendants and rights to use *any* road or roadway which the Plaintiff *might* construct at a future date." (Emphasis added.) The novelty of this creation was underscored by the trial court: "The written agreement entered into by the parties made *no mention of any rights* of the Defendants to use any road or roadway which the Plaintiff might construct at a future date." (Emphasis added.) The findings note no disagreement over the reservation of the existing right of way. Indeed, the plaintiff concedes that he will accept the language in the deed on this point. Thus, the trial court's findings demonstrate that the contract was sufficiently certain to be enforced, but that the defendants attempted to add additional terms.

Nevertheless, the trial court found that there had been no "meeting of the minds" between the parties. The source of this error is apparent: the trial court incorrectly

equated an attempt to add terms to the contract with a failure to reach agreement in the first place. The two are not synonymous. The time for measuring a "meeting of the minds" is the point of agreement, not performance. Then Justice Barney put it best: "Disappointment in the outcome of a bargain will not excuse performance of an agreement to convey." *Villeneuve* v. *Bovat*, 128 Vt. 345, 348, 262 A.2d 925, 927 (1970) (citing *Sparrow* v. *Cimonetti*, 115 Vt. 292, 301–03, 58 A.2d 875 (1948)). The trial court's other findings demonstrate that the terms of performance were adequately fixed by the contract. Disagreement occurred only at the point of performance, which does not vitiate the prior agreement. The trial court's finding on the "meeting of the minds" issue is therefore clearly erroneous.

With the conflict among the trial court's findings resolved, the legal questions are readily answered. Specific performance is available for valid contracts with specific terms that leave no reasonable doubt as to their meaning. *Reynolds* v. *Sullivan*, 136 Vt. 1, 3–4, 383 A.2d 609, 611 (1978). There was no dispute over the clarity of the reserved, existing right of way. Cf. *Scott* v. *Leonard*, 119 Vt. 86, 99–100, 119 A.2d 691, 699 (1956) (upholding finding that similar reservation was clear). The findings demonstrate that the contract created only one right of way. The plaintiff was therefore entitled to a decree of specific performance.

*Reversed. Remanded to the Bennington Superior Court for the issuance of a decree requiring the defendants to tender a deed describing the right of way as provided for in the contract.*