**Robert C. Gallagher v. Alice C. McCarthy, Claire Ellen Hemingway, Norris P. Gallagher, Clarence G. Gallagher, Ruth Boyce Jones and Jean G. MacDonald**

[532 A.2d 557]

No. 85-148

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,\* JJ.**

Opinion Filed July 17, 1987

---

\* Justice Hayes was present at oral argument but did not participate in the decision.

*Jess T. Schwidde, Law Office of George E. Rice, Jr.*, Montpelier, for Plaintiff-Appellant.

*Young, Monte & Lyford*, Northfield, for Defendants-Appellees.

**Peck, J.** This case involves a dispute among siblings regarding title to certain real estate following the death of their mother. In the proceedings below, plaintiff asserted ownership of the entire property on the basis of an oral agreement and a deed executed in 1950, which gave him a joint tenancy with the parties' parents. Defendants countered with a deed executed by their widowed mother in 1982, transferring her half-interest in the property to defendants. The superior court entered judgment for defendants, and plaintiff appeals. We affirm.

On appeal, plaintiff attributes error to the trial court on three grounds. First, he questions the adequacy of the court's findings of fact in support of its judgment. Second, he maintains that the court erred in its application of Vermont's Dead Man's statute. Finally, he challenges the court's conclusion that no undue influence was exerted upon the parties' mother at the time the 1982 deed was executed.

Plaintiff is the eldest of seven children born to Clarence and Hattie Gallagher. His six siblings are named as defendants. After an accident disabled his father in 1950, plaintiff became concerned about his parents' well-being. He decided to pay some outstanding bills and to make some repairs and improvements to their home, but he wanted to protect these investments. Plaintiff reached an oral agreement with his parents that, in return for his promise to make improvements to the house and to take care of them financially and otherwise, title to their real estate would be altered to include him as a joint tenant with right of survivorship. The deed was prepared by the town clerk and executed in July of 1950. Since that time, plaintiff has met his obligations under the agreement, spending in excess of $44,000 for the care of his parents and their property.

Plaintiff's father died in 1954. In October of 1979, plaintiff's mother was hospitalized after a transient ischemic attack (TIA), a disorder that briefly affects small portions of the brain. Plaintiff paid an individual to care for her after she returned home. In April of 1982, she experienced another TIA and spent one day in the hospital. She returned home and was cared for by defendant Jean MacDonald, one of plaintiff's sisters. In response to a complaint by this sister, her mother denied that plaintiff would own all of the real estate in question upon her death. Defendant MacDonald obtained a copy of the 1950 deed and showed it to her mother, who stated that she "didn't mean it to be that way." Defendant offered to consult a lawyer, and the mother agreed. MacDonald and two other siblings met with a local attorney, who advised them that Mrs. Gallagher could convey her remaining half-interest in the property by means of a deed and a will. After another discussion with her mother, defendant MacDonald instructed the attorney to draft documents for the purpose of conveying Mrs. Gallagher's interest in the real estate to MacDonald and the other five defendants. On April 26, 1982, after the attorney explained the instruments and their legal effect to Mrs. Gal-

lagher, she executed both the will and the deed. She died in November of that year.

In February of 1983, plaintiff brought an action in equity, asking the court to set aside the 1982 deed. He alleged that defendants had exercised undue influence, that they had interfered tortiously with the oral contract of 1950, and that Hattie Gallagher was incompetent to execute the deed. Trial of the matter was complicated by a concurrent proceeding involving Mrs. Gallagher's will: plaintiff had successfully challenged the will in probate court, and defendants brought an appeal to the superior court. The two cases were consolidated, despite the fact that the probate appeal was before a jury. At trial, evidence was first presented to the jury in the will case, and the trial court considered most of that same evidence for purposes of ruling upon the deed. The court upheld the 1982 deed and entered judgment for defendants.

■ The first claim of error advanced by plaintiff concerns the trial court's conclusion that the 1950 oral agreement gave plaintiff an "interest" in his parents' real estate, rather than the whole of the property. Plaintiff argues that this conclusion is not supported by findings of fact as to the nature and extent of the interest, and that this Court is therefore left to speculate regarding the underlying rationale. We have held that remand is required in cases where it appears that critical findings have been omitted. See, e.g., *Mayer* v. *Mayer*, 144 Vt. 214, 216, 475 A.2d 238, 239-40 (1984); see also *Roy's Orthopedic, Inc.* v. *Lavigne*, 142 Vt. 347, 350, 454 A.2d 1242, 1244 (1982) (This Court will not speculate as to basis for trial court's decision.). Here, however, the trial court's findings leave neither room nor reason for speculation. The court found that an agreement had been made, that the agreement was for an interest in the parents' property, and that the nature of this interest was a joint tenancy with a right of survivorship.[1] The findings are supported by the evidence presented at trial, including plaintiff's own testimony. Furthermore, the court's conclusions of law defined the extent of plaintiff's interest as it evolved

---

[1] A joint tenant's right of survivorship is merely an expectancy that is not vested upon creation of an estate; instead, "it arises only upon success in the ultimate gamble—survival—and then only if the unity of the estate has not theretofore been destroyed by voluntary conveyance . . . or by any other action which operates to sever the joint tenancy." *Tenhet* v. *Boswell*, 18 Cal. 3d 150, 156, 554 P.2d 331, 334, 133 Cal. Rptr. 10, 14 (1976) (citations omitted).

over time, first with the death of his father and then with the conveyance by his mother. The record does not support plaintiff's assertion that the agreement gave him the whole of the property, and, even if such conflicting evidence were present, we would disregard it on review. See *Bruntaeger v. Zeller*, 147 Vt. 247, 250, 515 A.2d 123, 125 (1986). We find no error here.

■ Plaintiff also argues that the trial court erred in refusing to consider his testimony regarding the nature of the oral agreement in question.[2] The court relied upon Vermont's Dead Man's statute, 12 V.S.A.§ 1602, which provides that "[a] party shall not be allowed to testify in his own favor where the other party to the contract . . . in issue . . . is dead . . . ."[3] Plaintiff does not contest the applicability of the statute, but he cites the first listed exception to the statutory prohibition, which allows a party to testify in order "[t]o meet or explain the testimony of living witnesses produced against him; . . . ." 12 V.S.A. § 1602(1). He notes testimony by defendant Norris Gallagher and others that related tangentially to the agreement at issue, and he maintains that he should have been allowed to "meet and explain" this testimony under subsection (1) of the statute. Citing *De Nottbeck v. Chapman*, 93 Vt. 378, 108 A. 338 (1919), the trial court ruled that the exception did not apply because plaintiff himself called these witnesses to the stand, and, therefore, they were not "produced against him."

Plaintiff asks this Court to modify the *De Nottbeck* rule and hold that an adverse party witness is "produced against" a party for purposes of § 1602(1). We need not resolve this issue here; even if the trial court had determined that the statutory exception applied, the testimony then considered could not have altered the findings. The court ruled in plaintiff's favor on all questions except for the claim that his right of survivorship was not subject to being defeated, and none of the excluded testimony would have supported that claim. Moreover, such testimony by plaintiff would have been merely cumulative in light of other evidence considered by the court, including the testimony of plaintiff's spouse. Therefore, plaintiff has not demonstrated that the

---

[2] Plaintiff was allowed to testify before the jury on this question as it related to his mother's will. But the court, acting as fact-finder in the deed portion of the trial, refused to consider plaintiff's testimony regarding the oral agreement.

[3] 12 V.S.A. § 181, the Statute of Frauds, was not invoked at any stage in the proceedings.

claimed error could have had a prejudicial effect, and we will not consider the argument further. See *Frogate* v. *Kissell*, 138 Vt. 167, 168, 412 A.2d 1138, 1139 (1980).

■ Finally, plaintiff contends that the lower court erred in concluding that the 1982 deed was not the product of undue influence. The concept of "undue influence" includes any form of coercion that "destroys free agency and constrains the person whose act is under review to do that which is contrary to his own untrammeled desire." *In re Everett's Will*, 105 Vt. 291, 315, 166 A. 827, 836 (1933). Where a claim of undue influence is made, the burden of proof is upon the claimant. *In re Estate of Rotax*, 139 Vt. 390, 392, 429 A.2d 1304, 1305 (1981) (citing *In re Collins Will*, 114 Vt. 523, 533, 49 A.2d 111, 117 (1946)).

■ On review, this Court will uphold a trial court's conclusions if they are supported by its findings of fact. *Dartmouth Savings Bank* v. *F.O.S. Associates*, 145 Vt. 62, 66, 486 A.2d 623, 625 (1984). Here, the trial court found that Mrs. Gallagher knew she could change the 1950 deed before she died, that she told defendant MacDonald that she did not want the whole of the property in question to go to plaintiff, and that she wanted her to consult a lawyer in order to "do something about it." The court also found that, after the 1982 deed had been executed, Mrs. Gallagher told two children who had not been involved that she had made provisions to ensure that all of her children shared an interest in the family property. These findings provide adequate grounds for the trial court's conclusion that no undue influence was gained over Mrs. Gallagher. Plaintiff focuses on evidence presented at trial which could tend to support his claim of undue influence, but the court did not find that evidence persuasive. Determinations regarding the persuasive effect of evidence are for the trial court, and will stand if supported by credible evidence. *Bruntaeger* v. *Zeller*, 147 Vt. at 252, 515 A.2d at 126.

*Affirmed.*