## The Lane Construction Corporation v. Vermont Electric Generation and Transmission Cooperative, Inc.

[553 A.2d 1096]

No. 87-297

Present: **Allen, C.J., Peck and Gibson, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed September 23, 1988

*Donald J. Rendall, Jr.,* and *Michael G. Furlong* of *Sheehey Brue Gray & Furlong*, Burlington, for Plaintiff-Appellee.

*Jon T. Anderson* and *Michael L. Burak* of *Goldstein, Manello, Burak & Gabel*, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals the trial court's granting of summary judgment for plaintiff. We affirm.

### I.

This case arises from a dispute concerning the amount due to plaintiff for its work on the North Hartland hydroelectric dam pursuant to a contract it had with defendant. As a result of the dispute, plaintiff filed a mechanic's lien on the project and subsequently brought suit on the contract. Plaintiff obtained a writ of attachment in the amount of $736,374. The parties entered into

an agreement whereby defendant would pay off the claim in two parts. The first, and major, portion of the claim was paid on schedule. Although defendant had the necessary funds to make the second payment, it failed to do so. Defendant's failure was based upon its inability to obtain financing of its debt obligations when the Vermont Public Service Board (Board) refused to allow defendant to finance additional debt until it had come up with an acceptable plan to pay a large outstanding debt to the Rural Electrification Administration (R.E.A.). The Board's decision resulted in defendant's defaulting on its payments to the R.E.A.

Following defendant's failure to make the second payment, plaintiff moved for summary judgment herein. The parties stipulated to the facts, and defendant raised the defense of legal impracticality because of the effect of 31 U.S.C. § 3713.* The trial court rejected the defense and entered judgment in favor of plaintiff.

On appeal, defendant again claims that the doctrine of legal impracticality precludes payment and thus serves as a valid defense to plaintiff's suit. Defendant further contends that the trial court's rationale in support of its decision is unjustified. Finally, defendant asserts that if the doctrine of legal impracticality is not applied in the instant case, a constitutional issue would arise which would also foreclose payment to plaintiff.

## II.

The question of the applicability of the doctrine of legal impracticability is premature. The doctrine provides no basis for contesting the entry of judgment in the instant appeal, even if it arguably may provide a basis for contesting payment of the judgment. The issue presently before this Court is whether the trial

---

\* In relevant part, 31 U.S.C. § 3713 provides that:

      (a) (1) A claim of the United States Government shall be paid first when:
          (A) a person indebted to the Government is insolvent and
               (i) the debtor without enough property to pay all debts makes a voluntary assignment of property;

    . . . .

      (2) This section does not apply to a case under title 11.
      (b) A representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government.

court erred in entering summary judgment against defendant, *not* whether defendant will be forced into bankruptcy by this decision, nor whether the trustees will be personally liable for any payment made to plaintiff. At present, these concerns are merely hypothetical situations which may or may not arise in the future, and cannot be decided on the basis of the record as it now stands before this Court. See *Staab* v. *Northfield Savings Bank,* 134 Vt. 44, 46, 349 A.2d 214, 215-16 (1975).

Section 3713(b), relied upon by defendant as the basis for its claim of legal impracticality, does not bar the performance of contractual obligations, but does impose added liability or security for debts owed to the United States government. Further, § 3713(b) does not bar the entry of judgment on a debt owed to a third party when the insolvent debtor also owes money to the federal government. See *Bulls* v. *United States,* 356 F.2d 619, 623 (5th Cir. 1966) (under former sections 191 and 192 of this title, entry of notation in corporation's books that monies were owed to another did not constitute "payment" of a "debt" to a person other than the United States for purposes of enforcing the statutory liability of the payors). The entry of judgment in the instant case does not, in any sense, constitute payment of the debt to plaintiff so as to invoke § 3713(b). Because of the narrow basis on which we decide this case, the doctrine of legal impracticality is inapplicable herein.

Defendants other claims of error are equally without merit. As the foregoing discussion indicates, there is an ample support for the trial court's decision. Further, our resolution of this case creates no conflict with the Supremacy Clause of the United States Constitution, since the issue of payment, and possible consequences resulting therefrom, is not before us.

*Affirmed.*